CASE 3—INDICTMENT—JUNE 5.

## Commonwealth vs. Perrigo.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

An indictment must set forth the offense with such certainty as to apprise the defendant of the nature of the accusation upon which he is to be tried, and to constitute a bar to any subsequent proceeding for the same offense.

An indictment which charges that the defendant suffered certain named persons "to play in a house *or* on premises in the county aforesaid, then in the occupation and under the control of the said P., a game of cards, at which game of cards, played as aforesaid, money *or* property was won and lost," *held* insufficient upon demurrer.

A. J. JAMES, Attorney General, for Commonwealth, cited *Crim. Code, sec.* 125.

KINCHELOE & JENNINGS, for appellee, cited *Commonwealth vs. White,* 18 *B. Mon.,* 493; *Commonwealth vs. Cook,* 13 *B. Mon.,* 149.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

The indictment charges that the defendant suffered certain named persons "to play in a house, *or* on premises in the county aforesaid, then in the occupation and under the control of the said Perrigo, a game of cards, at which game of cards, played as aforesaid, money *or* property was won and lost."

This indictment was held insufficient upon demurrer.

The rule is well settled, that an indictment must set forth the offense with such certainty as to apprise the defendant of the nature of the accusation upon which he is to be tried and to constitute a bar to any subsequent proceeding for the same offense.

Tested by this rule, the indictment under consideration is obviously defective. Whether the defendant was to be tried for suffering gaming in his house, or for suffering gaming on *premises* elsewhere in the county; or whether it was for suffering a game upon which money was won and lost, or upon which property was won and lost, the defendant could not learn from

any thing contained in the indictment, and could not, there-fore, be presumed to have been able to make any available or effectual preparation for defense against so vague and uncertain an accusation. Nor would a conviction for suffering a game for *money* to be played in his *house* have constituted a bar to a subsequent indictment for suffering a game for *property* to be played elsewhere on his *premises*.

Would it be pretended that, under the 2d section of the statute punishing crimes against the person, it would be sufficient to charge that the defendant maliciously shot at and wounded another, with a gun or other instrument, *or* that the defendant cut or stabbed such person with a knife or other deadly weapon ; and yet it might, with the same propriety, be said, in support of such an indictment, that it charged but one offense ; that the shooting and stabbing were but the allegation of the different modes and means by which the offense was committed, and that under the 125th section of the Criminal Code such different modes and means might be alleged in the alternative. It is clear, however, that the section referred to cannot admit of any such construction.

The judgment is affirmed.