*R. H. Field, A. H. Field, for appellee.*

---

## J. E. Aubrey *v.* Commonwealth.

**Criminal Law—Gaming on Premises—Sufficiency of Indictment**

The indictment in this case informs the appellant definitely of the offense with which he is charged and a conviction would have barred a subsequent prosecution for suffering gaming in his house, and is therefore sufficient.

**Criminal Law—Illegal Questions Propounded to Witness—Objection—Motion to Exclude Answer.**

Where an illegal question is propounded to a witness it is not enough to object in case he is permitted to answer. There must be a motion to exclude it from the jury.

APPEAL FROM FAYETTE CIRCUIT COURT.

June 8, 1871.

Opinion by Judge Peters:

The indictment in this case charged that the appellant, on the 22d day of February, 1870, unlawfully suffered divers games

of hazard, chance and cards to be played in a house in his possession and control on Short street in the city of Lexington and county aforesaid, the county of Fayette having been previously named, at which games money, whiskey, cigars, ale, beer treats, and other things of value were won and lost, etc.

The rule authoritatively established in such cases is that an indictment must set forth the offense with such certainty as to apprise the defendant of the nature of the accusation for which he is to be tried, and to constitute a bar to any subsequent proceeding for the same offense.

*Commonwealth v. Perrigo, 3 Met. 5,* and in that case an indictment which charged that the defendant suffered certain named persons to play in a house or on premises in the county aforesaid, then in the occupation and under the control of the said Perrigo a game of cards at which game of cards played as aforesaid money or property was lost—was on demurrer held to be insufficient because the place where the playing was done, and the thing lost, were both described in the alterative and the defendant could not prepare to make an available defense against a charge so vague and uncertain. Nor would a conviction for suffering a game for money to be played in his *house* have barred a subsequent prosecution for suffering a game for property to be played elsewhere on his premises.

But the indictment in this case is different; it informs appellant definitely of the offense with which he is charged, and a conviction would have barred a subsequent prosecution for suffering gaming in his house, and at the time named in the indictment—and according to the principle settled in the case *supra*—it must be regarded as sufficient.

The question propounded by the attorney for appellee to the witness Murphy was leading and otherwise improper—but there was no objection made to the answer, nor any motion to exclude it from the jury, and the failure to do so must be deemed a waiver of any objection to it—besides the answer was not prejudicial to appellant in view of the instructions given to the jury—which were to the effect that the appellant must have been aware of the understanding or agreement between the players that the party who was beaten at the game was to pay the treat before he could be convicted.

In reference to the question propounded to the witness Bruce by the attorney for appellee and objected to by appellant, it and the answer were illegal—and after the witness had answered the question, the proper mode to proceed was to have moved the court to exclude the answer—as incompetent—but failing to do so, the objection to the evidence must be regarded as waived. And even if it were not waived, the fourth instruction given to the jury on motion of appellant for that purpose doubtless virtually excluded the improper and illegal evidence from the jury—or so qualified it as to render it harmless, for by that instruction the jury was told that it must be proved that the defendant had knowledge that a particular game, or games, were played, at which he knew money *or* property was won *or* lost by agreement, and this knowledge can not alone be proved by the existence of a custom, unless the commonwealth had proved that the defendant knew that such a custom existed—and as there was no evidence that the appellant had knowledge of the existence of such a custom—the evidence objected to could not have been prejudicial to him.

All the instructions asked for by appellant were given, and we perceive no substantial objection to the one given on the motion of the attorney for the commonwealth.

Wherefore the judgment is affirmed.

*Breckenridge, Buckner, Huston, for appellant.*

*Attorney General, for appellee.*