## J. M. SOSH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—254.]

**Instruction in Criminal Case.**
> It is the duty of the court to instruct the jury in a criminal case on the law applicable to the case but he is not required to instruct either as to an offense for which the defendant could not be convicted under the indictment or on an assumption of fact without evidence to support it.

### APPEAL FROM DAVIESS CIRCUIT COURT.

September 21, 1882.

OPINION BY JUDGE LEWIS:

The Gen. Statutes (1881), Ch. 29, Art. 17, § 1, applies only to the offense of shooting and wounding with a gun, or other instrument loaded with a ball or other hard substance, or of cutting, thrusting or stabbing with a knife, dirk, sword or other deadly

weapon, and does not embrace the offense for which appellant was indicted, striking and wounding with a wooden club. The court below therefore did not err in refusing to instruct the jury on that section of the statute.

There is no evidence in the record showing or tending to show that appellant inflicted the wound in his necessary self-defense. And the instruction upon that hypothesis asked for by appellant was properly refused.

By the Crim. Code (1876), § 225, it is made the duty of the court to instruct the jury on the law applicable to the case. But it never was intended that the court should instruct either as to an offense for which the defendant could not be convicted under the indictment, or on an assumption of fact without evidence to support it.

Wherefore the judgment is *affirmed*.

*Baker Boyd, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, *Erwin v. Commonwealth*, 96 Ky. 422, 16 Ky. L. 602, 29 S. W. 340.]