CASE 76—INDICTMENT—JANUARY 19.

# Philpot v. Commonwealth.

APPEAL FROM WHITLEY CIRCUIT COURT.

A SLEDGE-HAMMER IS A DEADLY WEAPON within the meaning of section 2, of article 4, chapter 29, of the General Statutes, which provides for the punishment of any person "who shall willfully and maliciously cut, strike or stab another with a knife, sword or other deadly weapon, with intent to kill."

C. W. LESTER AND R. S. CRAWFORD FOR APPELLANT.

A sledge-hammer is not a deadly weapon within the meaning of sec. 2, art. 6, chap. 29, of Gen. Stats. (8 Bush, 387, Commonwealth v. Branham.)

P. W. HARDIN FOR APPELLEE.

A sledge-hammer·is a deadly weapon within the meaning of sec. 2, art. 6, chap. 29, Gen Stats. (Commonwealth v. Branham, 8 Bush, 387.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant was convicted in the Whitley Circuit Court of the crime of willfully and maliciously striking and wounding Lee Ballard with a large hammer, to-wit: sledge-hammer, with intent to kill said Ballard. The jury found the appellant guilty of the charge, and fixed his punishment at confinement in the State penitentiary for the term of three years. The lower court having overruled his motion for a new trial, he has appealed to this court.

The appellant's contention is, that the instrument described in the indictment is not a deadly weapon, within the meaning of section 2, article 4, chapter 29, of the General Statutes. That section provides: "If any person * * shall willfully and maliciously cut, strike or stab another with a knife, sword, or other

deadly weapon, with intent to kill, * * he shall be confined in the penitentiary," etc.

It is insisted by the appellant that the "deadly weapons" mentioned in the section *supra* are such deadly weapons as may be used for the purpose of cutting, thrusting, or stabbing.

The language used in this section is "cut, strike or stab." This language has reference, first, to any instrument which is capable of being used for the purpose of cutting, thrusting, or stabbing a person, and which may be dangerous to his life, if used by the assailant for that purpose. Or, second, any instrument capable of being used for the purpose of striking a person, and which may be dangerous to his life if used by the assailant for that purpose.

There is no doubt that a sledge-hammer falls within the second class.

The judgment is affirmed.