Commonwealth v. Duncan.

Case 108—INDICTMENT—June 2.

## Commonwealth v. Duncan.

APPEAL FROM MERCER CIRCUIT COURT.

1. DEADLY WEAPON.—Under a statute punishing one for an injury with
   a "deadly weapon," not only the character of the weapon used, but
   the manner of its use, is to be considered, and the question whether it
   be a deadly weapon left to the jury, unless its deadly character be
   beyond question.

   Upon the trial of appellant under an indictment for malicious
   wounding under section 2 of article 6, chapter 29, General Statutes,
   the court should have left to the jury the question as to whether a
   stone thrown by defendant was large enough to produce death, and,
   therefore, a deadly weapon, the statute providing for the punishment
   of any person who shall "strike" another with a deadly weapon with
   intent to kill.

2. THE OFFENSE OF ASSAULT AND BATTERY IS A DEGREE OF THE OFFENSE
   OF MALICIOUS WOUNDING, and, therefore, a conviction of the former
   offense under an indictment for the latter is a bar to another trial for
   the latter offense.

FINLEY SHUCK, COMMONWEALTH'S ATTORNEY, FOR APPELLANT.

A deadly weapon is any thing that can be used to produce death by strik-
   ing, and as to whether the rock used in this instance was large enough
   to produce death was a question that should have been left to the
   jury. (Philpot v. Commonwealth, 86 Ky., 595; State v. Calhoun, 72
   Iowa, 432.)

   The statute under which the indictment in this case was found is
   different from the statute under which the case of Commonwealth
   v. Hawkins, 11 Bush, 603, was decided.

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

The appellee, Thomas Duncan, threw a rock, a size larger than a man's fist, at Thomas Scruggs through the open door of the latter's house, knocking him senseless. It occurred at night. They were about twelve or fourteen feet apart at the time, Scruggs being within his house. The attack was evidently without legal excuse. The appellee was indicted for a malicious wounding under section 2, article 6, chapter 29, of the General Statutes, which provides: "If any person shall willfully and maliciously shoot at and wound another with an intention to kill him, so that he does not die thereby, with a gun or other instrument loaded with a leaden bullet or other substance, or shall willfully and maliciously cut, strike or stab another with a knife, sword or other deadly weapon, with intention to kill, if the person so stabbed, cut or bruised die not thereby, * * * he shall be confined in the penitentiary not less than one nor more than five years."

At the close of the testimony the court instructed the jury that they could not convict the accused of the charge named in the indictment, but gave instructions which led to his conviction for an ordinary assault and battery.

Under sections 262-3 of our Criminal Code the last named offense is to be deemed a degree of the one named in the indictment, and a defendant may be found guilty of any offense thus included in the charge named, and not higher in degree. The judgment is, therefore, a bar to the accused being again tried, as he has been in jeopardy, and this appeal

by the Commonwealth is merely to settle the law applicable to such cases.

It is said, and we presume it to be the fact, that the court so instructed the jury upon the ground that the rock was not a deadly weapon. The statute above cited is not confined to the case of weapons which can only be used for shooting, cutting, thrusting or stabbing, as is section 1, article 17, chapter 29, of the General Statutes, where the shooting or cutting of a person in a sudden affray, or in sudden heat and passion, not resulting in death, is denounced, and which was under consideration in the case of Commonwealth v. Hawkins, 11 Bush, 603; but it provides: "If any person * * shall willfully and maliciously * * *strike* * * another with a * * *deadly weapon* with intention to kill," &c.

What is a deadly weapon within the meaning of a statute like this one must often depend upon the character of the instrument and the manner of its use, and be a question for the jury to determine. In applying the statute against carrying concealed deadly weapons this rule can not, of course, be followed; but under a statute punishing one for an injury with a deadly weapon, not only the character of the weapon used, but the manner of its use, is to be considered, and the question whether it be a deadly weapon must often be left to the jury. Of course it may be of such a nature as, for instance, a hatchet, that its deadly character may be beyond question. If so, testimony would, of course, be inadmissible, because it would be useless, and the law does not admit of idle things.

Commonwealth v. Duncan.

Bouvier says that a deadly weapon is "one danger-ous to life." It might not be so, unless used in a particular way, and hence not only its character, but the manner of its use, must necessarily enter into the question. It was even made a question in this court whether a sledge-hammer was a deadly weapon. Not doubting but what the counsel would have thought so, had one been used upon them, the court readily concluded it might be used to produce death. (Phil-pot v. The Commonwealth, 86 Ky., 595.) Upon the other hand, a pin, which would not, of course, fall within the terms of the statute against carrying con-cealed deadly weapons, might be so used as to pro-duce death, showing that both the nature of the weapon and the use to which it may be applied must, as to offenses arising under a statute like this one, determine whether it be of a deadly character. If it will admit of such a use, either in the way of shooting, cutting or striking, as to be dangerous to life, then evidently, when so used, it is a deadly weapon. The statute does not say what shall con-stitute a deadly weapon. It merely punishes for a willful and malicious wounding with one. If one man maliciously wounds another with a rock with which he might have killed him, there exists no rea-son why the same punishment should not be meted out to him as if he had done it with a shot-gun; and undoubtedly the Legislature, in enacting this stat-ute, so intended. Whether, in this instance, the rock was large enough to produce death, and, therefore, a deadly weapon, should have been left to the jury, and the court erred in taking the question from them.

This opinion is ordered to be certified to the lower court as the law of the case.