CASE 70—INDICTMENT—JANUARY 31.

# Erwin v. Commonwealth.

APPEAL FROM DAVEISS CIRCUIT COURT.

UNDER AN INDICTMENT AGAINST APPELLANT FOR MALICIOUSLY STRIKING AND WOUNDING ANOTHER WITH A WOODEN CLUB, the court properly gave an instruction based upon section 2 of article 6, chapter 29, General Statutes, as that statute uses the words, "cut, strike or stab," but it was error to give an instruction based upon section 1 of article 17 of the same chapter, as that statute applies only to woundings inflicted by shooting, cutting, thrusting or stabbing, and does not embrace a wounding inflicted by striking with a wooden club, the word "strike" not being used in the statute.

SWEENEY, ELLIS & SWEENEY FOR APPELLANT.

1. The venue not having been proved the case should be reversed on that ground alone.

2. The question as to whether the wooden stick used by appellant was a deadly weapon should have been submitted to the jury. (Commonwealth v. Duncan, 91 Ky., 592.)

3. If the defendant was not guilty of wilfully and maliciously striking and wounding with a club, but was guilty of striking in sudden heat and passion with a club, then he was guilty of a mere assault and battery and nothing else, and the court should have so instructed the jury.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was convicted and his punishment

fixed at, a fine of three hundred and seventy-five dollars, and imprisonment in the county jail for the term of nine months, upon trial under an indictment for maliciously striking and wounding Alex. McMurtry with a large wooden club.

After giving an instruction in the usual form under the statute under which the indictment was found (section 2, article 6, chapter 29, General Statutes), the court gave to the jury an instruction based on the provisions of section 1, article 17, chapter 29, of the General Statutes.

That statute reads as follows: "If any person shall, in a sudden affray, or in sudden heat and passion, without previous malice, and not in self-defense, shoot and wound another with a gun or other instrument, loaded with ball or other hard substance, without killing such person, or shall, in like manner, cut, thrust or stab any other person with a knife, dirk or sword, or other deadly weapon, without killing such person, he shall be fined not less than fifty nor more than five hundred dollars, or confined in the jail not less than six months nor more than one year, or both, in the discretion of the jury."

The instruction authorized a conviction, and the imposition of the fine and penalty fixed by the statute, if the defendant struck McMurtry with a club, and it was, in their opinion, a deadly weapon, &c.

And the sole question presented on this appeal is, can a person, by *striking* another with a wooden club, be guilty of the *cutting*, *thrusting* or *stabbing* with a knife, dirk, sword or other deadly weapon within the meaning of the statute? In other words, is the offense

of striking another with a wooden club, it matters not how deadly it may be, one that is embraced or described by this statute ?

Of the correctness of the first instruction, framed as it was under the first statute referred to, there can be no question, because that statute uses the words "cut, *strike* or stab," &c. And hence this court has held that "the language has reference to any instrument capable of being used for the purpose of *striking* a person, and which may be dangerous to his life if used by the assailant for that purpose." (Philpot v. Commonwealth, 86 Ky., 595; Commonwealth v. Duncan, 91 Ky., 592.)

It is clear, however, that the second statute, which is evidently the one under which the appellant was convicted, only applies to woundings inflicted by shooting, *cutting*, *thrusting* or *stabbing*, and does not embrace a wounding inflicted by striking with a wooden club.

A striking with blacksmith's tongs was held to be an offense not embraced by this statute. (Commonwealth v. Hawkins, 11 Bush, 603; see also Sosh v. Commonwealth, 4 Ky. Law Rep., 254.) In lieu of this instruction the court should have submitted one embracing the offense of assault and battery.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.