CASE 32—INDICTMENT—APRIL 21.

# Commonwealth v. Heath.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. LESSER CRIME—ASSAULT AND BATTERY.—Where one was indicted under section 1166 of the Kentucky Statutes for assault with intent to kill, charged to have been committed by shooting the one assaulted with a pistol, the court properly refused to instruct the jury that they might find the defendant guilty of assault and battery, although there was evidence that the prosecuting witness was struck in the head with the pistol instead of being shot.

2. SAME.—While it is true assault and battery is a lower degree of and included in the offense of assault with intent to kill, it does not follow that one indicted for the latter offense only may be convicted and punished under the same indictment for every character of assault or assault and battery, growing out of the facts upon which the indictment may have been found. The general rule is that a charge in an indictment, that an offense was committed in a particular way, or with a certain instrument or means, can not be sustained by evidence that it was committed in a different way or by different means.

3. SAME.—No one ought to be convicted of an offense of lower degree than that charged in the indictment under which he is tried, unless the evidence would justify a conviction if he were prosecuted under the same indictment only for the lower degree of the offense.

C. W. LESTER FOR APPELLANT.

1. Any act of a defendant growing out of or being a part of the same transaction upon which the indictment was based, is included in the charge, and the defendant should come into court prepared to defend himself against every phase of the transaction. (Commonwealth v. Duncan, 91 Ky., 592.)

2. One charged with a violation of the law, by an indictment sufficiently explicit to inform him of the transaction about and for which he is to be tried, must when he admits a portion of the transaction show himself guiltless in every phase of it.

Commonwealth v. Heath.

WM. J. HENDRICK ON SAME SIDE.

1. The court should have instructed the jury under the indictment for assault with intent to kill, that they might convict the defendant of assault and battery. (Cornelison v. Commonwealth, 84 Ky., and cases there cited.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

The appellee was indicted and tried in the Pulaski Circuit Court upon a charge under section 1166 of the Kentucky Statutes of willfully and maliciously shooting and wounding A. J. Beatie with a pistol with the intention to kill him.

The court instructed the jury properly under said section, and upon the right of self-defense, and also gave an instruction under section 1242 of the Kentucky Statutes with regard to unlawful shooting and wounding in sudden affray, or sudden heat and passion, without previous malice, after which the attorney for the Commonwealth requested the court to give the jury the following additional instruction, viz.: "If you do not believe from the evidence beyond a reasonable doubt that the defendant shot Beatie either maliciously or in sudden affray, yet if you believe from the evidence beyond a reasonable doubt that in Pulaski county and within one year before the finding of the indictment the defendant, not in necessary or to him reasonably apparently necessary self-defense, *struck Beatie with a pistol*, you should find him guilty of an assault and battery, and fix his punishment at a fine in any sum in your discretion, or at imprisonment in the county jail for any period of time in your discretion. You may both so fine and imprison, or either, in your discretion."

The court refused this request, to which the attorney for the Commonwealth excepted. The jury acquitted the

appellee, and the case is brought before us by the attorney
for the Commonwealth for the purpose of having the action
of the lower court in refusing the request reviewed by this
court, and the question is raised by counsel for the Common-
wealth whether or not a person can be convicted under an
indictment for the offense charged in the indictment in this
case "of *every character* of assault or assault and battery
that may grow out of the transaction" which we are asked
to decide.

As we have stated, the charge in the indictment is that the
appellee willfully and maliciously *shot and wounded Beatie
with a pistol* with the intention to kill him. The evidence
established the fact that the accused, on the occasion of the
difficulty with Beatie, had a pistol, and that the pistol in
some way was fired or exploded while in his hand, and that
Beatie *was wounded* in the back of his head by *a ball from
the pistol*. But the testimony of disinterested witnesses
who were present did not show conclusively that the accused
intentionally fired the pistol. Beatie testified that the ac-
cused "drew his pistol and fired as I was trying to get over
the counter," and that he was "shot in the back of the head."
The accused, however, testified *that he struck Beatie with the
pistol* on the back of the head, and that the pistol fired as
he struck him, but that he did not intentionally fire it. But
whether the pistol was fired by the accused intentionally or
not, as already stated, it was conclusively proved by uncon-
tradicted testimony, including that of the physician who
attended on Beatie, that the wound on Beatie's head *was
produced by a ball from the pistol* in the hands of the accused,
and then and there fired or exploded, *and not by the blow*
delivered by the accused with the pistol on the back of
Beatie's head. And this, in respect to the cause of the

wound, or the manner in which it was inflicted, is as it was alleged in the indictment. We are of the opinion that under the charge as laid in the indictment, and upon the evidence in the case, the court properly refused the request of the Commonwealth's attorney. After the instructions we have noted were given to the jury, the court was requested to say to the jury in effect that if the accused *unlawfully assaulted and struck* Beatie with a pistol they might find him guilty under this indictment of the offense of assault and battery and punish him accordingly. Undoubtedly the offense of assault and battery is a lower degree of or included in the offense charged in the indictment. (Commonwealth v. Duncan, 91 Ky., 592; Criminal Code, sections 262 and 263.

Still it does not follow, as claimed by the learned counsel, that one charged and prosecuted on an indictment for the latter offense only may be convicted and punished under the same indictment for "*every character* of assault or assault and battery" growing out of the facts upon which the indictment may have been found or the charge based. The general rule is that a charge or statement in an indictment that an offense was committed in a particular way, or with a certain specified instrument or means, can not be sustained by proof that it was committed in an entirely different way or by some means or instrument wholly unlike those stated or specified in the indictment. Proof that a murder was committed by stabbing the victim would not sustain or be relevant to a charge that it was committed by administering poison. And a charge, as in this case, of willful and malicious wounding *by shooting*, would not be supported by proof that the wounding was done *by striking* with a pistol, a rock or a bludgeon in the hands of the perpetrator. (Whar-

ton's Criminal Law, ninth edition, sections 519-20; Guedel v. People, 43 Ill., 226.)

In the last named case the court said: "We must hold that homicide by shooting and homicide by beating upon the head with a gun held in the hands are modes of causing death so essentially unlike that the proof of one mode would be inadmissible under an indictment charging the other." A proper and just application of the sound principles of law upon which this rule is based, in our opinion, requires that conviction, in cases of this kind, for offenses of lower degree than such as are charged, and where the evidence fails to establish guilt of the offenses charged should follow, if at all, only in cases in which the evidence shows that the offenses of lower degree were committed substantially in the manner stated, or with the means or instruments specified in the indictments. No one ought to be convicted of an offense of lower degree than that charged in the indictment under which he is tried unless the evidence would justify a conviction if he were prosecuted under the same indictment only for the lower degree of such offense. Whether the evidence would justify a conviction in such a case would generally depend largely, if not wholly, upon its correspondence with the allegations of the indictment as to the means or instrument with which the punishable act was committed.

This correspondence, however, is not so essential in cases wherein the evidence establishes only an assault which is included in all crimes of violence to the person without regard to the instrument or means used to effectuate the criminal intent of the assailant. (Am. and Eng. Enc. of Law, volume 1, page 778; Wharton's Cr. Pl. and Pr., eighth edition, section 159.)

The rule laid down is a safe one, and its application to each particular case as it arises will not be difficult in a wise administration of the criminal and penal laws of the Commonwealth.   The learned judge of the lower court, it seems, acted upon it in refusing to give the instruction in question.   It is quite in harmony with the principles of law laid down by the best text writers on criminal law and procedure, and in numerous adjudged cases in this State, to which we refer.   (Criminal Code, sections 122 and 124; Wharton's Criminal Law, ninth edition, volume 1, sections 27, 576, 641, 644 645*d*; Bishop's Criminal Law, seventh edition, chapter 53, sections 788, 804, *et seq.*; Commonwealth v. Magowan, 1 Met., 368; Commonwealth v. Perigo, 3 Met., 5; Bishop's New Criminal Procedure, fourth edition, volume 1, section 325, *et seq.*; Am. and Eng. Enc. of Law, volume 10, page 567; Erwin v. Commonwealth,   96  Ky., 422;  Riggs v. Commonwealth, 17 Ky. Law Rep., 1015; Sosh v. Commonwealth, 4 Ky. Law Rep., 254.   See also the case of Stephenson v. State, 25 S. W. Rep., 784.)

The rule we have laid down being in our opinion the correct rule in such cases as this, sustained by principle, and in harmony with the principles recognized in the authorities referred to, the action of the lower court in this case is affirmed, and the clerk of this court is directed to certify this opinion to the lower court as the law of the case.