## Ward v. Commonwealth.

(Decided February 11, 1927.)

### Appeal from Johnson Circuit Court.

1. Homicide—In Prosecution for Striking with Intent to Kill, Whether Cane was Deadly Weapon Held for Jury (Ky. Stats., Section 1166). —In prosecution for striking and wounding with deadly weapon with intent to kill, under Ky. Stats., section 1166, question whether walking cane, which defendant used, was deadly weapon, was question for determination of jury from size and manner of use; it being error for court to assume cane was deadly weapon where not generally known and recognized as such.

2. Homicide—In Prosecution for Striking with Intent to Kill, Assuming Cane was Deadly Weapon, Though Error, Held Not Prejudicial Where Conviction was for Misdemeanor Only (Ky Stats., Sections 1166, 1242).—In prosecution for striking and wounding with a cane under Ky. Stats., section 1166, making wounding with deadly weapon with intent to kill felony, assumption of court in instruction that walking cane was deadly weapon, though error, held not prejudicial, where defendant was convicted only of misdemeanor under section 1242, relative to shooting or stabbing in sudden affray.

3. Homicide—Statute Making Cutting, Thrusting, or Stabbing Misdemeanor Held Not to Apply to Striking with Club (Ky Stats., Sections 1166, 1242).—Though Ky. Stats., section 1242, making cutting, thrusting, or stabbing misdemeanor, is lesser degree of crime of shooting and wounding with intent to kill, made felony under section 1166, whenever wound is inflicted by cutting, thrusting or stabbing, offense of striking with club or other instrument included in felony statute held not punishable under section 1166, due to omission of word "striking."

4. Homicide—In Prosecution for Striking with Stick with Intent to Kill, Permitting Instructing on Punishment for Misdemeanor Under Statute Not Covering Wounds Inflicted by Striking Held Error (Ky. Stats., Sections 1166, 1242).—In prosecution for wounding with deadly weapon with intent to kill, under Ky. Stats., section 1166, submitting instruction allowing punishment for misdemeanor under section 1242 held error, where assault was inflicted by striking with walking stick, as section 1166 does not include wounding by striking.

5. Homicide—In Prosecution for Striking with Intent to Kill, Failure to Submit Lesser Offense of Assault and Battery Held Error Under Evidence (Ky. Stats., Sections 1166, 1242).—In prosecution for striking and wounding with walking stick with intent to kill, under Ky. Stats., section 1166, failure to give instruction on assault and battery held error, in view of evidence indicating possible commission of lesser crime, where section 1242, covering lesser degree of crime of malicious wounding, did not include wounding by striking.

6. Witnesses—Refusal to Permit Impeachment of State's Witness for Veracity Held Error, in Prosecution for Wounding with Deadly Weapon.—In prosecution for wounding with deadly weapon with intent to kill, refusing to allow defendant to impeach state's witness by showing reputation for truth and varacity held error.

W. J. WARD and A. FLOYD BYRD for appellant.

F. E. DAUGHERTY, Attorney General, and C. F. CREAL, Assistant Attorney General, for apppellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, W. J. Ward, was indicted in the Johnson circuit court charged with wilfully and maliciously striking and wounding Sam Stapleton, "with a cane or walking stick, a deadly weapon," with the intention of killing him, but from which wounding he did not die, a felony created by section 1166 of our present statutes. At his trial he was convicted, under an instruction authorizing it, of the misdemeanor denounced by section 1242 of the statutes and punished by a fine of $500.00 and con-

finement in the county jail for a period of six months; and from the judgment pronounced on that verdict, after his motion for a new trial was overruled, he prosecutes this appeal.

Many supposed errors are incorporated in the motion for a new trial and argued in appellant's brief, but our examination of the record clearly convinces us that none of them are meritorious except, (1), erroneous instructions of the court, and (2), error in sustaining objections to testimony offered by appellant to prove the general reputation for truth and veracity of the prosecuting witness, Stapleton, and which two objections we will dispose of in the order named.

1. The court in its felony instruction did not leave it to the jury to find whether the walking cane with which defendant did the striking and wounding, as it was used by him, was a deadly weapon. Instead of doing so the court assumed in that instruction that it was such, and we have uniformly held that unless the weapon employed was generally known and recognized as being a deadly weapon it should be submitted to the jury to determine the fact from its size and the manner in which it was used by defendant. Two of the earlier cases so holding are Woodson v. Commonwealth, 14 K. L. R. 797, 21 S. W. R. 584, and McWilliams v. Commonwealth, 18 K. L. R. 92, 35 S. W. R. 538. We have steadfastly and without exception followed the doctrine of those two opinions, and the practice announced by them is firmly fixed and settled in this jurisdiction. Defendant, however, was not convicted of the felony charge, and were there no other errors authorizing a reversal one would not be ordered for this error alone, since though it may be a material one defendant was not convicted of the crime submitted by it, but only of a lower degree of that crime and which under numerous opinions of this court did not prejudicially affect his rights. However, in view of a new trial we have deemed it proper to point out and correct the error in that instruction so that it may be avoided upon another one.

One of the offenses denounced by section 1242, which is the cutting, thrusting or stabbing of another "with a knife, dirk, sword or other deadly weapon without killing such person," and we have held many times that it was a degree of the felony denounced by section 1166 in all cases where the wounding was done by cutting, thrusting or stabbing of another with a commonly known and well

understood deadly weapon. Some of the cases so holding are Williams v. Commonwealth, 102 Ky. 381, 43 S. W. 455; Gillum v. Commonwealth, 121 S. W. 445; Balee v. Commonwealth, 153 Ky. 558; Burgess v. Commonwealth, 176 Ky. 326, and Brewington v. Commonwealth, 200 Ky. 276. There are many others to the same effect and none to the contrary. However, we have held with equal unanimity that where the wounding denounced by section 1242 was done by *striking* with a club or other instrument, the offense thereby committed was not included in that section and not punishable as therein provided. The reason for that distinction is due to the fact that the felony charge under 1166 expressly includes a wounding by *striking;* while the latter word is not employed anywhere in section 1242. The distinction was clearly pointed out in the Burgess opinion, and after having done so and citing prior opinions upholding it we made this comment as setting forth our conception of the reason for the distinction: "We might here stop a moment to remark that the omission of the word 'strike' from section 1242 was evidently an inadvertence on the part of the legislature. It was plainly intended that section 1242 should describe the same classes of offenses that were described in section 1166, and that the defendant who was indicted under section 1166 might be found guilty of the lesser offenses described in section 1242, but by oversight the word 'strike' was left out of section 1242."

However, we furthermore held in that opinion that the common law offense of assault and battery was a degree of the felony created by section 1166, and that where there was evidence that the defendant under an indictment drawn under that section was guilty of only the misdemeanor of assault and battery it was the duty of the court to give an instruction upon the latter offense. The same ruling was also made in the McWilliams case *supra,* and in the cases of Erwin v. Commonwealth, 96 Ky. 422; Commonwealth v. Heath, 99 Ky. 182; and Riggs v. Commonwealth, 17 K. L. R. 1015. As bearing upon the questions discussed we also cite the cases of Sparks v. Commonwealth, 198 Ky. 518; Austin v. Commonwealth, 201 Ky. 615, and Noral v. Commonwealth, 202 Ky. 318. The court, therefore, erred in giving to the jury instruction 11, which submitted the punishment provided in section 1242 *supra,* and also erred in failing to give in lieu thereof an instruction on assault and battery.

2. After the prosecuting witness, Stapleton, had testified in the case, appellant offered to prove by witnesses that his reputation for truth and veracity was bad, but the court sustained objections thereto and refused to allow it to be introduced. Upon what theory that was done is neither pointed out in the record nor in briefs, and we can conceive of no legal ground justifying such refusal, since it is everywhere held by all courts, including this one, that it is competent for a defendant in a criminal prosecution or a litigant in any character of civil action, to impeach an adverse witness by proving his reputation for truth and veracity, and upon another trial the court will allow, if defendant offers it, the introduction of such testimony.

For the errors indicated the judgment is reversed, with directions to sustain the motion for a new trial and to set aside the judgment, and for proceedings consistent with this opinion.