## Marks v. Commonwealth.

(Decided March 23, 1928.)

Appeal from Mason Circuit Court.

1. Homicide.—In prosecution under Ky. Stats., sec. 1166, for willfully and maliciously striking and wounding his wife with intent to kill her, evidence that defendant had struck her with a ball bat held sufficient to sustain conviction.

2. Assault and Battery.—In prosecution, under Ky. Stats., sec. 1166, for willfully and maliciously striking and wounding with a club, failure to instruct, under section 1242, as to shooting or stabbing in sudden affray, was not error, since striking with a club is not punishable thereunder.

3. Assault and Battery.—In prosecution under Ky. Stats., sec. 1166, for willfully and maliciously striking and wounding his wife with intent to kill her, since jury might have concluded he did not intend to kill when he struck her with a baseball bat, and have found him guilty of only assault and battery, failure to instruct on assault and battery was prejudicial error.

M. J. HENNESSEY for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

The appellant was convicted, under section 1166, Kentucky Statutes, of the offense of willfully and maliciously striking and wounding his wife with intent to kill her, and his punishment was fixed at two years' imprisonment in the penitentiary.

It is insisted that the evidence was insufficient, and that the court erred in not giving the whole law of the case.

Appellant's wife testified that appellant came in late one night for supper. Supper was not ready, and he became quarrelsome. He then picked up a baseball bat, and hit her on the head, and the blood ran all over her. She did not secure the services of a physician to look after the wound, and the wound did not leave a scar. Boone Phillips, a neighbor, heard Mrs. Marks' screaming, and went to her home. When he arrived, her head was bleeding, and he saw the baseball bat with which she said he had struck her. There can be no doubt that this evidence was sufficient, not only to take the case to the jury, but to sustain the verdict.

The contention that the court did not give all the law of the case presents a more serious question. The court did not err in failing to instruct under section 1242, Kentucky Statutes, as we have frequently ruled that striking with a club is not included in, and punishable under, that section. Ward v. Commonwealth, 218 Ky. 217, 291 S. W. 47. However, it is well settled that the common law offense of assault and battery is a degree of

the offense defined in section 1166, Kentucky Statutes, and that it is error where the evidence justifies it not to instruct on assault and battery. Ward v. Commonwealth, supra; McWilliams v. Commonwealth, 35 S. W. 538, 18 Ky. Law Rep. 92. In view of the character of the wound, the jury might well have concluded that appellant did not intend to kill his wife, and might have found him guilty of only assault and battery, if permitted to do so by the instructions. We are therefore constrained to the view that the failure to instruct on assault and battery was prejudicial error.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.