## Cruise v. Commonwealth.

(Decided December 14, 1928.)

## Appeal from Laurel Circuit Court.

1. Criminal Law.—Where defendant's bill of exceptions in criminal case was filed before expiration of fifteenth day of next regular term of court within which he was granted leave to file it, commonwealth's motion to strike bill on ground it was filed after time fixed by court will be denied, though clerk's transcript of record erroneously stated bill of exceptions was tendered on the sixteenth day of such term.

3. Criminal Law.—In prosecution for striking and wounding another with a deadly weapon with intent to kill, under Ky. Stats., sec. 1166, giving of instruction under section 1242 as to shooting or stabbing in sudden affray, though error, was not prejudicial, where jury did not convict under such instruction.

3. Assault and Battery.—In prosecution for maliciously striking and wounding another with a deadly weapon with intent to kill, under Ky. Stats., sec. 1166, failure to give instruction on assault and battery, which is a degree of offense defined in said statute, held error, under evidence authorizing conviction of such lesser offense.

WM. LEWIS & SON for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, James Cruise, was indicted by the grand jury of Laurel county for the crime of maliciously striking and wounding another with a deadly weapon with intent to kill, an offense denounced by section 1166, Kentucky Statutes. He was tried and convicted; his punishment being fixed at confinement in the penitentiary for a period of two years. As grounds for reversal he urges that the lower court erred (1) in refusing to grant him a continuance; and (2) in instructing the jury.

The commonwealth has filed a motion to strike the bill of exceptions on the ground that it was filed after the time fixed by the court, and it will be necessary to first consider this motion. Appellant was tried at the October term of the Laurel circuit court, 1927. On November 1, 1927, his motion for a new trial was overruled, and on November 2 an order was entered giving him until and including the fifteenth day of the next regular February term of the Laurel circuit court, 1928, in which to tender and file his bill of exceptions. Monday, February 13, 1928, was the first day of the term of court during which appellant was required to tender and file his bill of exceptions, and February 29 was the fifteenth day of that term.

The clerk's transcript of the record as filed in this court shows that the bill of exceptions was tendered "at the February term of the Laurel circuit court and on the sixteenth day thereof, February 29, 1928." On the back of the bill of exceptions is the following indorsement:

"Filed and noted of record this February 29, 1928.          "W. A. PENNINGTON, Clerk."

The order filing the bill of exceptions is preceded by the following entry:

"At the February term of the Laurel circuit court, and on the sixteenth day thereof, February 29, 1928, the following order was entered in this case."

The written order has this indorsement thereon:

"Entered of record in Order Book, 22, page 301, this February 29, 1928.
          "W. A. PENNINGTON, Clerk."

The reference in the record to February 29, 1928, as the sixteenth day of the term is plainly an error by the clerk, and since the bill of exceptions was filed on February 29, 1928, which was within the time granted, the motion to strike it from the record is overruled.

We have concluded that the trial court's failure to properly instruct the jury will necessitate a reversal of the judgment, and it will therefore be unnecessary to discuss ground 1 relied on by appellant.

The indictment charges that:

"James Cruise did on the 18th day of October, 1927, in the county, circuit and state aforesaid and before the finding of the indictment herein, unlawfully, with force and arms, willfully, maliciously, and feloniously, strike and wound Ed Graham on and upon the head, body, arms and limbs of said Graham, with clubs, sticks and poles, deadly weapons, with the malicious and felonious intent to kill said Graham, from which striking and wounding the said Graham did not die."

The appellant, during an altercation with Graham, a detailed account of which is unnecessary for the purposes of this opinion, struck and seriously injured the latter with a weapon variously described by the witnesses as a club, stick, and pole. The record does not disclose the exact size and nature of the weapon used, but it was exhibited to the jury, and the court in its felony instruction left it to the jury to determine whether the instrument with which the appellant did the striking and wounding, as it was used by him, was a deadly weapon. The court, in addition to giving an instruction under section 1166, Kentucky Statutes, gave an instruction under section 1242. It is insisted that this was error. The jury did not convict under this instruction, and consequently the appellant was not prejudiced thereby, but on another trial this instruction will be omitted, since we have frequently held that striking with a club is not an offense included in section 1242. Ward v. Commonwealth, 218 Ky. 217, 291 S. W. 47, and cases therein cited.

The court failed to give an instruction on the common-law offense of assault and battery, and this was error. The offense of assault and battery is a degree of the offense defined in section 1166, Kentucky Statutes, and it is error not to instruct on the lesser offense, where

the evidence authorizes it. Ward v. Commonwealth, supra, and Marks v. Commonwealth, 223 Ky. 692, 4 S. W. (2d) 711. The jury was afforded no opportunity to find the defendant guilty of assault and battery, as they might have done with entire propriety under the evidence, had they been permitted to do so by the instructions.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.