## Rogers v. Commonwealth.

(Decided Jan. 25, 1935.)

ROBERT HUBBARD for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The grand jury of Jefferson county returned three indictments against appellant, Fred Rogers, defendant below. One of them accused him of robbing W. H. Blevins; another charged him with the statutory offense denounced in section 1160 of our present Kentucky Statutes, i. e., that of unlawfully and maliciously assaulting J. T. Welch with the intent to rob him; and the third one was that denounced by section 1166 of the same Statutes, i. e., willfully and maliciously shooting at J. T. Welch without wounding him. The first indictment (that of robbing Blevins) has no connection with, nor does it play any part in, this prosecution, but defendant was tried on it, as well as the second one mentioned (that of assaulting J. T. Welch with an offensive weapon with the intent to rob him), and he was acquitted on both trials. The evidence of the commonwealth at the trial of the second one, supra, showed that the "offensive weapon," which defendant was alleged to have employed in his assault upon Welch, was a pistol, and the indictment so avers. The third indictment (accusing defendant of unlawfully and willfully shooting at Welch) likewise avers that the shooting was done with a pistol. Upon the calling of it for trial (and which is the prosecution now under consideration), defendant, in addition to pleading not guilty, interposed in proper form his former acquittal at his trial, supra, of the second indictment and averred therein that the shooting with a pistol, as charged in that indictment, was the same act of shooting with a pistol that was and is charged in the third and instant indictment, supra, and the verdict of acquittal returned therein was a bar to this prosecution.

Besides other evidence introduced by defendant at this trial of the third indictment, he introduced the entire record of the trial of the second one referred to, including the evidence heard therein; but the trial court

held that it constituted no bar to the instant prosecution and declined to instruct the jury thereon, as well as overruled defendant's motion for a directed acquittal based upon his plea of former jeopardy. The jury convicted defendant and punished him by confinement in the penitentiary for one year, and to reverse the judgment rendered thereon he prosecutes this appeal, relying upon a number of alleged errors set forth in his motion for a new trial, and which embraced the court's rulings denying defendant's plea of former jeopardy. If the court was in error in disallowing that plea, then all the other grounds relied on may be put aside without even mentioning them, and, since we have concluded that the court did err in the respects indicated, this opinion will be confined exclusively to a discussion of that plea followed by our conclusion with reference to its availability.

At the outset it may be stated that long before the adoption of our present Constitution it had become a maxim under the common law that, "No man is punished twice for the same offense." As expressed in Latin, it says, "Nemo bis punitur pro eodem delicto." See 29 Cyc. 663 and the alphabetical reference in Black's Law Dictionary. But, to prevent our Legislature from ever prescribing or enacting otherwise, our Constitution makers expressly inserted in section 13 of our present Constitution (which was also contained in prior ones) that "no person shall, for the same offense, be twice put in jeopardy of his life or limb," etc. Much has been written by this and other courts upon the question as to what is the "same offense" as contained in the maxim, as well as in our Constitution. Of course, the question is easy of solution when the two offenses are identical in name and supported by the identical testimony in each of them. In that case, there can be no controversy as to the offenses being the same in each prosecution. But in administering, construing, and applying that maxim, as it existed at common law and as inserted as a part of our Bill of Rights in our Constitution, it has long been judicially declared that the prosecution may not split up a set of facts and carve out of them multiple offenses (statutory or otherwise) by founding or basing them on parts of an entire set of facts, and which parts are necessary ingredients and elements of the offense as embraced by the entire facts. See Scarf v. Commonwealth, 195 Ky. 830, 243 S. W.

1034; Myers v. Commonwealth, 210 Ky. 373, 275 S. W. 883, and cases referred to in those opinions.

There are, possibly, some exceptions to that rule as we have so generally stated it, particularly so with reference to homicides and other minor offenses that might be included within the acts by which the homicide was committed; but we are not concerned with any of them in this case, since whatever they may be none of them apply to the facts here involved. Therefore, the general rule is that if a later prosecution, or the one upon the trial of which the plea is interposed, is based upon such forbidden splitting or carving of the entire facts that were also involved in the former prosecution, the verdict in which constitutes the relied on jeopardy, then the two offenses are the same as contemplated by both the maxim and our Constitution.

In arriving at a correct solution of the question as administered in this commonwealth, much of the abstruse reasoning indulged in by text-writers and courts of other jurisdictions is dispensed with through express enactments of our Legislature as embodied in various sections of our Criminal Code of Practice, chief among which are sections 177, 262, 263, and 264 of the Code. Section 177 says: "If an offense consist of different degrees, a conviction, or acquittal, by judgment upon a verdict, shall be a bar to another prosecution for the offense in any of its degrees"; while section 262 is thus phrased: "Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment"; and section 264 says: "If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charged may be a felony, and the offense, without the circumstances, a misdemeanor only." Section 263 specifies some of the offenses that are degrees of others, but it has never been construed as excluding other instances where the offenses are so related; or as compelling the courts to recognize only the degrees of offenses as therein set forth.

In the case of Barnard v. Commonwealth, 94 Ky.

285, 22 S. W. 219, 15 Ky. Law Rep. 51, we held that the crime of assault and battery is a degree of the statutory offense set forth in the second indictment, supra, of assaulting another with an offensive weapon with the intent to rob him; and in the cases of Cruise v. Commonwealth, 226 Ky. 831, 11 S. W. (2d) 925; Marks v. Commonwealth, 223 Ky. 692, 4 S. W. (2d) 711; Commonwealth v. Heath, 99 Ky. 182, 35 S. W. 277, 18 Ky. Law Rep. 57; McWilliams v. Commonwealth, 35 S. W. 538, 18 Ky. Law Rep. 92, and Riggs v. Commonwealth, 33 S. W. 413, 17 Ky. Law Rep. 1015, we held that the same misdemeanor of assault and battery was a lower degree of the statutory crime charged in the instant indictment as created in section 1166, supra, of our Statutes. It is, therefore, seen that such assault is a lower degree of each of the higher offenses charged in the second and third indictments of defendant, supra, and from which it logically results that a trial on either of those indictments wherein the weapon was the same would bar another one for the lower offense charging such assault because it was and is a degree of the higher one and involved in it. Therefore, it is clear that it would have been incompetent for the court at the trial of the instant indictment to have submitted to the jury an instruction based upon the lower offense of assault and battery committed by defendant, since he was necessarily acquitted of that lower degree of the offense charged in the indictment, at the trial of the second indictment, supra.

It would, therefore, seem to also logically follow that, having been placed in jeopardy of a lower offense, which is a degree, as we have seen, of the larger one charged in the instant indictment, such acquittal would necessarily bar the larger charged one, i. e., that of maliciously shooting at another without wounding, since it would hardly comport with sound reasoning to say that an included offense may be barred without affecting the larger one which includes it; and if there was nothing in the sections of the Criminal Code of Practice referred to affecting the question, it would seem to follow that the court erred in rejecting the former jeopardy plea interposed in this case. However, it will be observed that section 177 expressly provides that "if an offense consist of different degrees, a conviction, or acquittal * * * shall be a bar to another prosecution for the offense in any of its degrees." As an unerring

consequence from the requirement therein contained, the acquittal of the assault and battery embodied in the second indictment, supra (that of attempting to rob Welch), was also an acquittal of the same offense as a degree of the larger one charged in the third indictment, supra, being the one involved in this case.. Having been so acquitted of the lower offense upon the trial of. the second indictment, it necessarily follows from that section (177) that such acquittal would bar another offense which likewise embraces the lower one embraced by both indictments.

Moreover, it will be seen from the language of section 264, supra, of the same Criminal Code of Practice, that if an offense be charged to have been committed with particular "motive or intention," the offense without the particular circumstances or intention "is included in the offense [larger one charged], although that charge may be a felony, and the offense, without the circumstances, a misdemeanor only." The "offensive weapon" with which the assault was made in the attempted robbery of Welch was a pistol, as we have seen, and it was done by shooting at him as the proof shows, and that shooting, by the same person and with the same pistol and on the same occasion, was and is the only one with which defendant is charged in the instant indictment, which is the third one, supra. In the attempted robbery indictment (second one, supra), that offensive act was charged to have been done with a particular intent, i. e., to rob Welch; while the same act (committed by shooting) was charged in the instant indictment to have been done with the intent to kill Welch instead of robbing him, although the offense would have been complete under the section (1166) of the Statutes without any such charged intention, since it says in part, "If any person shall wilfully and maliciously shoot at another without wounding," etc. We, therefore, have it charged in each indictment that the identical assault was committed by defendant against or toward the same individual by using the same weapon at the same time and under the same circumstances, but with a different intention and purpose on his part; and under the provision of the last section of the Criminal Code referred to (section 264), he could have been convicted under either indictment of the lower degree of the one of which he was acquitted under the trial of the second indictment, supra, if the proof

failed to establish the particular intent charged and which was necessary to create the larger offense. In addition to the cases hereinbefore cited, others contained in the notes to the sections of the Criminal Code of Practice referred to and to the sections of the Statutes might be consulted.

We see no escape from the conclusion that the court erred in not upholding appellant's plea of former jeopardy interposed in this case, followed by a direction to the jury to acquit him, and for which reason the judgment is reversed, with directions to sustain the motion for a new trial and to set it aside for proceedings consistent with this opinion.

The whole court sitting.