**John BROADDUS, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1960.

George E. Barker, Shouse, Barker & Coplin, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

John Broaddus, Jr., appeals from a judgment sentencing him to five years' imprisonment pursuant to a verdict finding him guilty of maliciously striking and wounding another with a deadly weapon with intent to kill.

The first contention is that the evidence was not sufficient to establish guilt.

The only evidence in the case was the testimony of the two arresting officers. (The female victim married the defendant before the trial and declined to testify.) The officers testified that as they were cruising the city in a patrol car in the early morning hours they noticed a car parked on the left side of the street. They flashed their spotlight on the car and observed the defendant seated in the front seat holding a lug wrench in his right hand, which was raised over his head. When the light flashed on him he dropped the wrench. The officers stopped their car and approached the parked car on foot, whereupon the defendant opened the door and attempted to flee, but was quickly apprehended. Upon looking into the parked car the officers found a woman seated in a bent-over position in the front seat, in a dazed condition, with fresh bleeding lacerations on her head and with severe bruises around her eyes. The lug wrench, with fresh blood on it, was on the floor, and a wine bottle, also with blood on it, was on the seat.

It is argued that since the officers did not actually see the defendant strike the woman the evidence was insufficient to sustain a conviction. However, we think the evidence pointed unerringly to the defendant's guilt, within the required test for circumstantial evidence. See Hendrickson v. Commonwealth, Ky., 259 S.W.2d 1; Holland v. Commonwealth, Ky., 323 S.W. 2d 411. It is our opinion that the evidence was sufficient.

 The second contention is that the court erred in not submitting to the jury the question of whether or not the lug wrench, as used, was a deadly weapon. (The instructions given assumed that it was.) In previous decisions this Court has either required or approved the submission to the jury of the question of whether the instrument used was a deadly weapon, where the instrument was an *axe handle,* Moore v. Commonwealth, 35 S.W. 283, 18 Ky.Law Rep. 129; a *bottle,* Commonwealth v. Yarnell, 68 S.W. 136, 24 Ky.Law Rep. 144; a *rock or club,* Cosby v. Commonwealth, 115 Ky. 221, 72 S.W. 1089, Owens v. Commonwealth, 187 Ky. 207, 218 S.W. 719, and Payne v. Commonwealth, 255 Ky. 533, 75 S.W.2d 14; a *walking cane,* Ward v. Commonwealth, 218 Ky. 217, 291 S.W. 47; a *baseball bat,* Marks v. Commonwealth, 223 Ky. 692, 4 S.W.2d 711; a *chair,* McIntosh v. Commonwealth, 275 Ky. 126, 120 S.W.2d 1031; an *iron tobacco hook,* Burgess v. Commonwealth, 176 Ky. 326, 195 S.W. 445; a *pistol used as a bludgeon,* Angel v. Commonwealth, 289 Ky. 281, 158 S.W.2d 640; and a *telephone,* Crumbaugh v. Commonwealth, Ky., 259 S.W.2d 67.

It is our opinion that the court erred in not submitting to the jury the question of whether the lug wrench, considering the manner of its use, was a deadly weapon. See cases above cited and Taylor v. Commonwealth, Ky., 302 S.W.2d 378.

 A third contention, which also must be sustained, is that the court erred in not instructing on assault and battery. In view of the character of the wounds the jury might well have concluded that the defendant did not have the intent to kill. Under the rule laid down in such cases as Marks v. Commonwealth, 223 Ky. 692, 4 S.W.2d 711, and Helton v. Commonwealth, Ky., 244 S.W.2d 762, an instruction on assault and battery was required.

 The appellant raises a question about certain evidence but we will not consider it because no ground of error with regard to the admission of evidence was asserted in the motion for a new trial.

Because of the errors with respect to the instructions the judgment is reversed, with directions to grant a new trial.