Fred Matthew SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1980.

Discretionary Review Denied
Feb. 13, 1981.

Jack Emory Farley, Public Advocate, Michael A. Wright, Asst. Public Advocate, Commonwealth of Kentucky, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Greg Holmes, Asst. Atty. Gen., Frankfort, for appellee.

Before WHITE, COOPER and BREETZ, JJ.

WHITE, Judge.

The sole issue presented by this appeal is whether the appellant, Fred Matthew Smith, was impermissibly convicted as a second-degree persistent felony offender on the basis of a prior felony which had been used in another second-degree persistent felony offender conviction. On September 7, 1979, a judgment was entered in Jefferson Circuit Court sentencing Smith to the penitentiary on a conviction of two counts of trafficking in a controlled substance and one count of being a persistent felony offender, stemming from Indictment No. 78–CR–0493. The persistent felony offender conviction was based on previous offenses of malicious shooting and wounding, dwelling house breaking and jumping bond.

Smith had previously been charged and convicted of being a persistent felony offender in connection with Indictment No. 78–CR–1085 on the basis of the same prior felonies. (The appeal in that case was recently before us and was designated File No. 79–CA–998–MR.) Appellant contends that his conviction of being a persistent felony offender in the two cases on the basis of the same prior felony violates the double jeopardy clause of the United States Constitution and the Kentucky Constitution.

In support of his contention, appellant cites *Rogers v. Commonwealth*, 257 Ky. 495, 78 S.W.2d 340 (1935) and *Sherley v. Commonwealth*, Ky., 558 S.W.2d 615 (1977). *Rogers* sets forth the principle that the prosecutor "may not split up a set of facts and carve out of them multiple *offenses*." *Rogers, supra*, 78 S.W.2d at 341. *Sherley* held that use of the same evidence to elevate the charge of one criminal offense to a higher degree which has also been used to raise the charge of another crime to a higher degree of offense violated constitutional prohibitions against double jeopardy. Neither of these decisions are controlling on the question before us. "KRS 532.080 (the persistent felony offender statute) does not create or define a criminal offense. It recognizes a status . . . ." *Hardin v. Commonwealth*, Ky., 573 S.W.2d 657, 661 (1978); *See also Sweeny v. Commonwealth*, Ky., 442 S.W.2d 598 (1969). Having attained that status, persistent offenders are subject to a more severe punishment. *Hardin, supra*.

In *Pearson v. State*, 521 S.W.2d 225 (Tenn., 1975) the Supreme Court of Tennessee held that use of prior convictions as a basis for enhancing the penalty for a subsequent felony conviction, even though the prior connections have previously been used for the same purpose on a prior habitual

criminal conviction does not violate prohibitions against double jeopardy. The Court reasoned that since habitual criminality is a status as opposed to an independent crime, jeopardy does not attach. *See also Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *State v. Linam*, 600 P.2d 253 (N.M.1979). Other states have reached the same conclusion. *See State v. Gaskey*, 255 Iowa 967, 124 N.W.2d 723 (1963); *State v. Losieau*, 182 Neb. 367, 154 N.W.2d 762 (1967). We hold that the trial court properly concluded that there had been no violation of the prohibitions against double jeopardy of the United States Constitution or of the Kentucky Constitution.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.