CASE 26—INDICTMENT AGAINST GEORGE COSBY FOR MALICIOUSLY
   STRIKING AND WOUNDING ANOTHER WITH A CLUB AND ROCK WITH
   INTENT TO KILL.—MARCH 19.

# Cosby v. Commonwealth.

APPEAL FROM NELSON CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.    REVERSED.

STRIKING WITH INTENT TO KILL—DEADLY WEAPON—CLUB AND ROCK
   —DEFINITE INSTRUCTIONS TO JURY.

Held:    1. On the trial of one indicted for unlawfully and mali-
   ciously striking and wounding another with a deadly weapon
   with intent to kill, an instruction given in these words:  "By
   the words deadly weapon as used in these instructions, is meant
   a weapon by which death might be produced in the manner in
   which defendant used the club and rock, or either, on the
   occasion mentioned in the indictment, if he used either on
   said occasion," is erroneous.

   2. The instruction defining deadly weapon in such an in-
   dictment should have been as follows:  "If the jury believe
   from the evidence, beyond a reasonable doubt, that the club and
   rock, or either with which  defendant struck and  wounded
   Gilky (if he did so strike and wound him with either), were
   such instruments as were  reasonably  calculated to  produce
   death when used by a person of defendant's physical strength,
   and in the manner in which they were used on the occasion
   mentioned in the indictment, they will, in that event be au-
   thorized to find that such rock and club or either are deadly
   weapons in the meaning of the law."

   3. It was proper to submit to the jury the question of whether
   the instruments used by defendant, in the striking and wounding
   of Gilky, were or not deadly weapons, but it was also necessary
   to tell the jury in the instructions what may be considered a
   deadly weapon in the meaning of the law.

C. T. ATKINSON, ATTORNEY FOR APPELLANT.

   I prosecute this appeal as attorney for defendant by appoint-
ment, believing he has not had a fair trial, and that the ver-
dict is excessive.

   If convicted at all he should have been convicted for striking

in sudden heat and passion and fined, instead of being sent to the penitentiary.

The evidence showed that he had a sister, Rachel, under eighteen years of age, and who is an orphan, and he had reason to suspect that she was having illicit intercourse with the prosecutor, Gilky, and on the occasion of the striking, he, suspecting they were arranging for a meeting for illicit intercourse, followed and discovered them together in a secreted place, and, under this provocation, he struck Gilky with a stick. Gilky was a hoary headed sinner about seventy years of age, and while I do not claim that defendant was legally justified in his assault, I do claim that the facts, tending to mitigate the offense on the question of malice, are competent evidence in fixing the punishment. The lower court excluded all evidence tending to show previous intimacy between Gilky and the girl, Rachel, or that the meeting at the time of the difficulty had been previously planned. We think this was error. We also contend that the court erred in its instructions to the jury, especially in the four instructions defining a deadly weapon as a "weapon with which death might be produced when used in the manner in which the defendant used the club or rock," etc.

We also claim that appellant should have a new trial on account of newly discovered evidence of which he had no knowledge at the time of the trial, and he, being a colored man, and confined in the jail from the day after the assault, unable to give bond, and without counsel, had no means of ascertaining the facts until after his trial, when, on account of the severity of the punishment, people began to talk.

The defendant also complains of the unbecoming conduct of the county attorney in his closing argument to the jury, in reference to defendant having been prosecuted for taking whisky, and his sister, Rachel, having been in jail for some offense, and of the action of counsel for defendant in excepting to some of the jurors on the panel, and though twice rebuked by the court, persisted therein until defendant's counsel moved the court to discharge the jury, which the court refused to do, all of which was highly prejudicial to defendant. The defendant being a negro, and the prosecuting witness a white man, and the jury all white men, there was no necessity for this violent prosecution and unfair and prejudicial conduct on the part of the prosecuting attorney.

We submit that as Gilky was not much hurt and got only what he deserved under circumstances of great provocation, with a stick which was not a deadly weapon, the punishment

Cosby v. Commonwealth.

inflicted by the jury is excessive, showing passion or preju-
dice, and defendant should have a new trial.

CLIFTON J. PRATT, ATTORNEY GENERAL, AND M. R. TODD, FOR THE
COMMONWEALTH.

It was the province of the jury to pass upon the facts and
where there is any evidence to sustain the verdict this court
can not reverse upon that ground.

The evidence of Jennie Rawls as to some previous conduct
and actions between the girl Rachel and Gilky was irrelevant,
and was properly excluded by the court.

The court refused to withdraw the statements of Rachel as
to her illicit intercourse with Gilky, and her statement with
that of appellant went before the jury as mitigating facts in
appellant's favor.

Appellant's counsel urges that the common law applicable
to assault and battery is no longer in force, the same being re-
pealed by implication; that the court erred in giving an in-
struction for assault and battery, but should have given in
lieu thereof an instruction for breach of the peace as provided
in section 1268, Kentucky Statutes.

This is not an open question. In Riggs v. Com., 17 Rep., 1017,
this court held that the offense denounced by section 1242, Ken-
tucky Statutes, only applies to cases where the wounds are
inflicted by *shooting, cutting, thrusting or stabbing*, and does
not embrace a wound inflicted with a *wooden club*.

The record discloses the fact that every objectionable state-
ment made by the attorney for the Commonwealth was imme-
diately excluded by the court and the jury admonished not
to consider it. This was as much as the defendant could reason-
ably ask.

The affidavits for a new trial do not disclose that the facts
therein stated were not known to defendant before the trial, and
are not of sufficient importance as to authorize the granting of a
new trial.

### CITATIONS.

Burrill on Crim. Evidence, 281; Rutherford v. |Com., 13 Bush,
68; Greenleaf Evidence, vol. 1, sec. 108; Crim. Code, sec. 341;
Kentucky Statutes, sec. 1268; Riggs v. Com., 17 R., 1017; Er-
win v. Com., 96 Ky., 422; McWilliams v. Com., 18 R., 92.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

The appellant, George Cosby, was indicted in the Nelson
circuit court for the crime of unlawfully and maliciously
striking and wounding one Wm. Gilky with a club and rock,

deadly weapons, with the intent to kill him.   Upon the trial appellant was found guilty by the verdict of the jury, and his punishment fixed at confinement in the penitentiary for a term of three years.   A new trial was refused him; hence this appeal.

The lower court gave five instructions, four of which, viz., 1, 2, 3, and 5, we do not hesitate to approve, as they fairly and explicitly set forth, as far as they go, the law of the case; but we are unable to approve instruction No. 4 given by the court, which is as follows: "By the words 'a deadly weapon,' as used in these instructions, is meant a weapon with which death might be produced in the manner in which defendant used the club and rock, or either, on the occasion mentioned in the indictment (if he used club and rock, or either, on said occasion.)"   It was, of course, necessary to submit to the jury, as was done in instructions 1 and 2, the question of whether the instruments used by appellant in the striking and wounding of Gilky were or not deadly weapons, but it was also necessary to tell the jury in those instructions, or a separate one, what may be considered a deadly weapon in the meaning of the law.   As said by this court in Commonwealth v. Duncan, 91 Ky., 595, 13 R., 162, 16 S. W., 531:  "The statute does not say what shall constitute a deadly weapon.   It merely punishes for a willful and malicious wounding with one.   If one man maliciously wounds another with a rock, with which he might have killed him, there exists no reason why the same punishment should not be meted out to him as if he had done it with a shotgun; and undoubtedly the Legislature, in enacting this statute, so intended.   Whether in this instance the rock was large enough to produce death, and therefore a deadly weapon, should have been left to the jury, and the court erred in taking the question from them."   This court has never adopted

a form of instruction defining the meaning of the words "deadly weapon," and an examination of the opinion in the case supra will show that it does not undertake to say what will constitute a deadly weapon within the meaning of the statute, but simply declares that "under a statute punishing one for an injury with a deadly weapon, not only the character of the weapon used, but the manner of its use, is to be considered." We think the court might have gone further, and said that the physical strength of the person using the instrument or weapon is also to be considered by the jury in determining whether it is a deadly weapon. A deadly weapon is "one dangerous to life." A rock or club is not necessarily a deadly weapon, but may be made so in the hands of a malicious or infuriated person of ordinary strength, if used in an attack upon another with intent to take his life. It will be observed that instruction No. 4 told the jury that "any weapon" is deadly which might produce death, if used in the manner in which the club and rock were used by appellant. A bar of iron or a sledge hammer might easily produce death, if used in the manner in which the club and rock seem to have been used by appellant; but the question to be determined by the jury was not whether any weapon (such as a bar of iron or other heavy instrument) might produce death if used as the club and rock were used, but whether the latter, considering their character and the manner of their use, might have produced death. We are of the opinion that the lower court should have given the instruction on this point as follows: "If the jury believe from the evidence beyond a reasonable doubt that the club and rock, or either, with which the defendant struck and wounded Gilky (if he did so strike and wound him with a club and rock, or either),

were such instruments as were reasonably calcu-
lated to produce death when used by a person
of defendants' physical strength and in the manner
in which they, or either of them, were used by him on the
occasion mentioned in the indictment, they will, in that
event, be authorized to find that such club and rock, or
either, are deadly weapons within the meaning of the law."

For the error committed by the lower court in the matter
of giving instruction No. 4, the judgment is reversed, and
the cause remanded, with directions to that court to set
aside the verdict of the jury and the judgment and sentence
entered thereon, and to grant appellant a new trial in con-
formity to the opinion herein.

Whole court sitting.