## Lyon v. Commonwealth.

(Decided April 25, 1922.)

### Appeal from Fulton Circuit Court.

1. Assault and Battery—Verdict Not Excessive.—A verdict of $500.00 and ten months in the county jail, rendered on an indictment accusing the defendant of the offense of assault and battery where the evidence satisfactorily proves that the accused, a young, able-bodied man, struck and beat a small, aged man into insensibility, most of the striking and beating being inflicted after the assailed was unconscious, cannot be said to be excessive nor to appear to have been rendered as a result of passion or prejudice on the part of the jury.

2. Assault and Battery—Indictment and Information.—An indictment which in its accusatory part charged that the defendant did "unlawfully, wilfully, maliciously, feloniously and with intention to kill, strike, kick, with his hands, fists and feet, S. upon the head and body and wound the said S. but from said wounding the said S. did not die," does not charge a felony, but it does charge the common law offense of assault and battery.

3. Weapon—Hands and Feet Not Deadly Weapons.—The hands and feet are not deadly weapons within the meaning of section 1166 of the Kentucky Statutes.

4. Assault and Battery—Deadly Weapons—Instructions.—Where the striking is with the hands and feet, or some instrumentality which is not ordinarily employed in the commission of homicide, the indictment should charge the thing so used was a deadly weapon when used in the way and manner employed by the defendant,

and this question should be submitted to the jury by proper instruction.

HERSHEL T. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOMAS B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Whitlock Lyon, was accused by indictment in the Fulton circuit court of the crime of maliciously striking and wounding U. D. Scott, with intent to kill the said Scott, and being tried was found guilty of assault and battery and his punishment fixed by the jury at a fine of $500.00 and ten months at hard labor in the county jail. Being dissatisfied with this judgment, he appeals.

While the appellant in his brief relies principally upon the grounds that the verdict against him is not sustained by the evidence and was the result of passion and prejudice on the part of the jury, in his motion and grounds for new trial he sets forth six reasons as follows:

"First: Because he says the court erred in admitting incompetent evidence offered by the Commonwealth, and erred in rejecting competent evidence offered by the plaintiff.

"Second. Because the court erred in giving instructions, marked '1, 2, 3, and 4;' and because the court erred in failing, at the conclusion of all the evidence, in peremptorily instructing the jury to acquit the defendant.

"Third: Because the verdict is against the law and the evidence.

"Fourth: Because the fine and imprisonment assessed by the jury is excessive, oppressive, cruel and inhuman, and is the result of passion, bias and prejudice on the part of the jury toward this defendant.

"Fifth: The verdict of the jury is so oppressive, the fine is so large and the jail sentence is so long as to indicate that the jury was moved and influenced by other evidence than that received on the trial of the case and because the fine and imprisonment upon the facts of the case are not within the sound discretion of a jury of unbiased and unprejudiced men.

"Sixth: Because the court permitted the jury to separate and go at will from adjournment time on the

afternoon of January 24 until the trial was again resumed at 9 o'clock on the morning of January 25, 1922."

Appellant Lyon is a young man, the son-in-law of U. D. Scott, whom it is charged he assaulted and beat. The witness is a man more than sixty-five years of age, in feeble health, and weighing only about 135 pounds. He had but one child—a daughter, the wife of Lyon; she had been married about five or six years at the time of the difficulty in which her father was injured. Mr. Scott and Mr. and Mrs. Lyons and several other persons resided in a house in Hickman, owned in part by Mr. Scott, Mrs. Lyon and Miss Noonon. Scott was opposed to the marriage of his daughter to Lyon, and it appears from the evidence that Lyon was always very obnoxious to him. Frequently he ordered Lyon to leave the house and never to return. This had happened at intervals from the time of the marriage up to the occasion of which complaint is made in the indictment. He would not allow Lyon to eat at the house with his wife and child. According to the evidence for the Commonwealth the difficulty occurred on the evening of September 12, 1921, just at dusk and after the family had finished supper. Two of the witnesses (ladies) were sitting in a swing on the front porch and Mr. Scott was sitting in a rocking chair near them. Mr. and Mrs. Lyon were coming out of the house on to the porch; just as appellant came on to the porch Mr. Scott said to him: "Whit, go on and attend to your own business and let Lucile alone." Lucile was the given name of Mrs. Lyon; she was with her husband. Appellant testifies that at the time Scott so spoke to him he (Scott) shook his fist in the face of appellant and ordered him to leave the premises and not to return. Witnesses for the Commonwealth stated that when Scott told Lyon to attend to his own business and to let Lucile alone, appellant said, "Mr. Scott, I have taken all off of you I am going to take," and advanced and struck Mr. Scott, knocking him across the swing and hitting him several times with his hands and feet, knocking him unconscious for a short space of time. After the difficulty was over Lyon went into the house and two neighbors carried Mr. Scott in and placed him on a bed. There were several women present who became very greatly excited and screamed and cried, creating much disturbance. Some of the witnesses say that appellant said immediately after the fight that he intended to kill Scott, or was sorry that he had not killed him. Scott was

laid up for two or three weeks, most of the time in bed. There were several wounds on his face and head. The physician testified they were made with some blunt instrument like the hands or feet. It is the contention of appellant Lyon that Scott struck him first and that what he did to Scott afterwards was in defense of his own person and brought about by the excitement and exasperation precipitated by the conduct of Scott.

The indictment attempts to accuse appellant Lyon of a felony committed by maliciously striking and wounding another with intention to kill said person, but in its specification it avers that appellant "did unlawfully, wilfully, maliciously and feloniously and with intent to kill, strike, kick, with his hands, fists and feet, U. D. Scott, upon the head and body, and wound the said U. D. Scott, but from said wounding of the said U. D. Scott he did not die," which does not, as we understand the statute and the construction placed upon it by this court in other cases, state facts sufficient to constitute a felony. True, one may commit a felony by striking and wounding another with intention to kill, if the striking is done with a deadly weapon or with any instrument or thing reasonably calculated to produce death, when used in the way and manner employed by the defendant charged with the crime; but we have distinctly held in the case of Thomas v. Commonwealth, reported in 27 K. L. R., page 794, that the hands and feet are not deadly weapons within the meaning of the statutes, section 1166. Certain instruments, such as an axe, hatchet, a crowbar, a pitchfork, chisel, sledge hammer, pistol, bottle and a knife, have been held as matter of law to be deadly weapons, and where the striking is with such an instrument and its nature and character set forth together with the injury inflicted, it is not necessary for the indictment to aver that the said instrument was a deadly weapon; but if the instrument alleged to have been used is less formidable and deadly than the ordinary things with which homicide is generally produced, then the indictment should aver that the said instrument used by the defendant was a deadly weapon when employed by him in the way and manner set forth in the indictment. In Judge Rose's most excellent work on Kentucky Criminal Law and Procedure, section 1070, it is said: "A person's hands and feet are not deadly weapons within the meaning of the use of deadly weapons. Where death results from an unintentional use of the hands and feet, in an as-

sault, the homicide is not murder but voluntary manslaughter." This text is based upon the case of Thomas v. Commonwealth, *supra*. Whether a rock, a stick, hands or feet are deadly weapons is a question of fact which should be submitted to the jury by proper instruction. Cosby v. Commonwealth, 115 Ky. 221; Honaker v. Commonwealth, 25 Ky. L. R. 675; Smallwood v. Commonwealth, 19 Ky. L. R. 344.

Assault and battery is a lower degree of the offense charged in section 1166, Kentucky Statutes, and while the indictment undertook to charge a felony, maliciously striking and wounding another with intention to kill, the facts averred were insufficient to constitute a felony but were sufficient to and did charge an assault and battery, and the trial court wisely in its instructions directed the jury, if it found the defendant guilty at all, to fix his punishment as for a common law assault and battery. The mere fact that the indictment was not sufficient to charge a felony did not render it absolutely bad or insufficient to charge a misdemeanor. Very frequently it happens that an indictment intended to charge the offense denounced by section 1166 omits some word or phrase which makes it insufficient to charge that crime but makes it good for the offense charged under section 1242, shooting or stabbing in sudden affray, which is a misdemeanor. We held in the case of Houseman v. Comth., 128 Ky. 818, and other cases there cited, that the offense of assault and battery is a lower degree of the crime charged in section 1166, and the defendant may be convicted of the lower offense where the evidence is sufficient to support such charge even though it be insufficient to warrant a conviction of the offense denounced by the statutes. Criminal Code, section 266. We, therefore, conclude that the indictment was sufficient to sustain a conviction for an assault and battery.

The instructions given by the trial court, and of which appellant now complains, have been given in substance in many cases which have come by appeal to this court, and the instructions approved. Hobson on Instructions, section 692.

The most serious insistence of appellant is that the verdict of the jury is so oppressive as to indicate that the jury was moved by outside influences or was swayed by passion or prejudice to appellant's detriment. The fine is $500.00 and imprisonment ten months, which, according to appellant's brief, would cause appellant's con-

finement in the county jail if placed at hard labor at one dollar per day, to continue for almost three years, is rather severe. It is true that the verdict is large for an assault and battery, but it must be remembered that this was an aggravated case. Appellant Lyon was a young, able-bodied man while Mr. Scott was an old, frail man who was as nothing in the hands of Lyon. While Scott was not entirely free from blame in the commencement of the fight, Lyon went far beyond his legal rights when he, after knocking Scott to the floor, struck and kicked him into insensibility. Provoking as it was to have Scott order him away from the house at which appellant and his family lived and to brandish his fist in his face, appellant knew that Scott was wholly unable to defend himself against appellant and that appellant could easily protect himself against any assault which Scott might make on him. In other words, appellant Lyon was in no danger. In assault and battery one may use such force only as is reasonably necessary to ward off the assault and to protect himself, but he cannot, without incurring liability, go beyond this and inflict upon his assailant any greater injury than is reasonably necessary to stop him and to protect the assailed, and if he does so he is liable both civilly and criminally, even though the difficulty was provoked and brought on by the other party. So, granting that Scott did start the difficulty, as appellant contends, there was a limit to the punishment which appellant could inflict upon him without incurring criminal responsibility. From the evidence of Scott and the other witnesses present, and this is not contradicted by appellant, Scott was unconscious from and after the moment Lyon struck him the first blow, and all the blows inflicted upon Scott after that time by Lyon were wholly unnecessary and inexcusable, because Scott was lying insensible upon the floor and unable to do Lyon or anyone the slightest bit of harm. These facts were all before the jury and it had the right to consider and weigh them. It was in the province of the jury, under the facts proven, to fix the punishment of appellant within its reasonable discretion, and we are not inclined to the view that the verdict, while great, is so oppressive as to indicate at first blush that it resulted from passion or prejudice on the part of the jury, or any untoward influence exercised upon the jury.

Perceiving no error to the prejudice of the substantial rights of appellant, the judgment is affirmed.