## McIntosh v. Commonwealth.

(Decided Oct. 25, 1938.)

SHUMATE & SHUMATE for appellant.

HUBERT MEREDITH, Attorney General, and W. F. NEILL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Appellant, Reuben McIntosh, was indicted at the February term, 1938, of the Estill Circuit Court for assault with intent to kill. Kentucky Statutes, section 1166. He was tried at the same term of court and was found guilty by the jury and his punishment fixed at confinement in the State Reformatory for five years. Judgment was entered accordingly. From this judgment McIntosh appeals.

In addition to the court's refusal to give a peremptory instruction of not guilty of assault with intent to kill with a deadly weapon in favor of appellant, reversal is urged because:

"The court erred in his instruction to the jury, (a) the instructions given by the court are erroneous and, (b) the court failed to give the whole law of the case in that he did not give a separate instruction submitting to the jury the question as to whether or not a rocking chair is a deadly weapon within the meaning of the statute under which the indictment was found."

Reuben McIntosh and his wife, Nettie McIntosh, lived on Ticky Fork Creek, Estill county, Kentucky. The evidence discloses that they had been married for some length of time and had four children at the time of their difficulty. On December 19, 1937, appellant came home shortly before midnight and found his wife standing in the door of their house talking to Dewey Ballard, who was standing a few feet outside the house. Ballard testified that he had gone there to borrow a lantern from Reuben McIntosh. Appellant testified that he had been drinking, and that he had been "a little jealous" of Ballard, and when he saw him talking to his wife he "got mad." After making a pass or two at Ballard he entered the house and proceeded to beat up his wife. She testified that appellant hit her with his fists, kicked her, choked her, pulled out part of her hair and hit her

with a rocking chair. Her only reference to being hit with the rocking chair is as follows:

"Q. What did your husband do to you on that occasion? A. He beat my face black and pulled all my hair out on the back side and he hit me with a rocking chair and it hasn't got well * * * "

Appellant admitted hitting his wife with his fists and pulling her hair, but he testified that he did not kick her or hit her with the chair, but that when he first entered the house and started after her "she fell across the chair."

Dr. B. S. Broaddus, who examined Nettie McIntosh after the trouble with her husband, testified relative to her injuries as follows:

"Q. Did you examine Mrs. McIntosh after her trouble with her husband? A. I did. I examined her. She was bruised up some way. Of course, I didn't know about how it happened.

"Q. What was wrong with her? A. I didn't strip the lady and look at her body all over, but then she was awfully sore and tender through the ribs from an injury of some kind, and through the abdomen, too, and her face was pretty badly bruised from licks or wounds of some kind.

"Q. Did you notice anything wrong with her eyes? A. Yes, they were bruised and bloodshot."

The first two instructions given the jury, the first one being strenuously objected to by appellant, are as follows:

"No. 1. If the jury believe from the evidence beyond a reasonable doubt, that in this county and before the finding of the indictment herein, the defendant, Reuben McIntosh, unlawfully, wilfully, maliciously and not in his self-defense, did strike, beat, kick and wound Mrs. Reuben McIntosh with his fists, feet and a chair, deadly weapons, upon her head, body, limbs and person of the said Mrs. Reuben McIntosh, with the intent then and there to kill her, the said Mrs. Reuben McIntosh, but from which striking, beating, kicking and wounding the said Mrs. Reuben McIntosh did not die, you will find the defendant guilty as charged in the indictment, and

fix his punishment by confinement in the State Reformatory not less than two years nor more than twenty-one years.''

''2. If the jury believe from the evidence beyond a reasonable doubt that in this county and within twelve months before the finding of the indictment herein, the defendant, Reuben McIntosh, in sudden affray or in sudden heat and passion, without malice and not in his own apparently necessary self-defense, did strike, beat, kick and wound Mrs. Reuben McIntosh with the weapons and in the manner described in Instruction No. 1, then you will find him guilty of the misdemeanor, an offense included in the indictment, and fix his punishment by a fine in any sum in your reasonable discretion, or by imprisonment in the county jail any number of days in your reasonable discretion, or both so fine and imprison in your reasonable discretion, and you may say in your verdict that the fine or imprisonment or both shall be at hard labor.''

The effect of the first instruction was to define ''fists, feet and a chair'' as deadly weapons. In the case of Thomas v. Commonwealth, 86 S. W. 694, 27 Ky. Law Rep. 794, it was held that the hands and feet are not deadly weapons within the meaning of the statute. Section 1166, Kentucky Statutes. See, also, Lyon v. Commonwealth, 194 Ky. 570, 239 S. W. 1046. Furthermore, the rule laid down in the case of Cosby v. Commonwealth, 115 Ky. 221, 72 S. W. 1089, 24 Ky. Law Rep. 2050, should have been followed in submitting to the jury the question as to whether the chair was used in such a manner and under such circumstances as to constitute a deadly weapon. See, also Owens v. Commonwealth, 187 Ky. 207, 218 S. W. 719; Landrum v. Commonwealth, 266 Ky. 655, 99 S. W. (2d) 787. It is apparent, therefore, that the instruction complained of is erroneous.

Instruction No. 2 was also faulty, it was apparently given under section 1242 of the Statutes, although the penalty authorized was for common law assault and battery and not that prescribed by that section of the statutes. The word ''strike,'' appearing in section 1166, does not appear in section 1242. Therefore, section 1242 does not cover the lower degree of the offense of striking with a deadly weapon with an intent to kill. The

second instruction should have been one on the common law assault and battery. See Caldwell v. Commonwealth, 265 Ky. 402, 96 S. W. (2d) 1041.

For the reasons given herein, the judgment is reversed.