# Bradley v. Commonwealth.

January 23, 1951.

W. R. Prater, Judge.

Williams & Allen for appellant.

Zeb A. Stewart, Assistant Attorney General, A. E. Funk, Attorney General, for appellee.

JUDGE MOREMEN—Reversing.

Appellant, Joe Bradley, was indicted by the grand jury of Magoffin County for the crime of maliciously cutting and wounding Chalmer Whitt with a knife or other sharp instrument, a deadly weapon, with intent to kill him, but from which cutting, stabbing and wounding, death did not ensue. At the trial he was found guilty and his punishment was fixed at confinement in the penitentiary for two years.

Appellant urges the following grounds for reversal:

(1) That the court erred in failing to instruct the jury at the close of the testimony for the Commonwealth, to find a verdict for defendant.

(2) That the court erred to the prejudice of the substantial rights of appellant in the instruction given to the jury and in the failure to give the whole law of the case.

(3) That the verdict of the jury is contrary to the law and the testimony.

We have concluded that point one (1) is well taken, therefore, it will be unnecessary to discuss grounds two (2) and three (3).

On the night of June 27, 1949, Joe Bradley was very drunk. His friends, Ben Collins and Charles Collins, agreed to take him to his home. The automobile needed gasoline so they drove to a store operated by Chalmer Whitt, who had retired, but who arose, turned on the porch lights, and sold them one dollar's worth of gas. Appellant handed Whitt a five dollar bill and followed him back into the store where he purchased some chewing gum. They came back to the road, where they stood and talked until appellant seized the end of Whitt's belt. Whitt, thereupon, began striking appellant and knocked him down several times. Whitt testified that Bradley did not have time to draw a knife during this sudden affray. After Bradley and his companions left, Whitt discovered that he was cut on the left arm and shoulder. The transcript of the testimony, which is in narrative form, does not describe the nature of the cuts. Bradley and Whitt had theretofore been on friendly terms and never had had any trouble. No witness introduced at the trial testified that he saw a knife or any sharp or deadly weapon, although the evidence established that there was sufficient light for clear vision. All witnesses agree that Bradley was very drunk, and he testified that he remembers scarcely anything about the occasion.

The facts of the case, as submitted to us in narrative form in the bill of exceptions, fail to disclose even a spark of evidence from which it may reasonably be inferred that appellant maliciously cut or wounded Chalmer Whitt with a knife or other sharp instrument or any weapon. Whitt, himself, testified that the altercation started when Bradley "took hold of the end of my belt to my trousers," and there is no evidence that Bradley struck Whitt at any time. Bradley was the one who was beaten. Whitt knocked him down several times.

All witnesses concur in the statement that they saw no knife in Bradley's hand. The seizure of the end of Whitt's belt with his hand may have been only a drunken gesture on his part, but, in any event, there is no

proof that he ever held anything in his hand, except Whitt's belt. This court has held that hands are not deadly weapons within the meaning of the statute. McIntosh v. Commonwealth, 275 Ky. 126, 120 S. W. 2d 1031. Whitt testified that after the affray was over, and after appellant and his companions had left, he discovered that he was cut on the left arm and shoulder, but no description of the nature of the cut is given and the bare statement alone is of no value in determining what may have been the cause of the wound.

We are of opinion that there was a total failure of proof to sustain the allegations of the indictment, therefore, the judgment is reversed with directions that if the evidence on another trial be substantially the same as that produced at the first trial, the court will direct a verdict for appellant.