## CRUMBAUGH v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 19, 1953.

Warner E. Haynes, Georgetown, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., James P. Hanrahan, Frankfort, D. L. Thornton, Versailles, for appellee.

MORRIS, Commissioner.

George Crumbaugh appeals from a judgment sentencing him to five years in the penitentiary for striking and wounding his wife, Alice Virginia Crumbaugh, with a deadly weapon with the intent to kill her. KRS 435.170.

The defendant and his wife had been married for some five years but had separated several months prior to the date in question. Mrs. Crumbaugh had filed suit for divorce and had obtained a restraining order to prevent the defendant from molesting her. About 5:30 on the afternoon of May 1, 1952, the defendant entered the whisky store which was operated by his wife and her stepfather. Mrs. Crumbaugh was alone in the store. After some preliminary conversation Mrs. Crumbaugh attempted to call the police on the telephone. The defendant jerked the telephone from the wall and administered to his wife a savage beating.

The doctor, who examined Mrs. Crumbaugh some 35 minutes after the assault, described her injuries in these words: "She had a fractured nose and a fractured cheek bone, and her whole face was a solid mass of blood clots and bruises and also her shoulders and chest. All of her teeth were numb from the severe beating of her face, and she was hemorrhaging rather extensively from the nose."

A number of grounds are relied on for reversal but the only one which merits discussion is the complaint in regard to the instructions. It is argued by the defendant, first, that the evidence did not warrant an instruction on the use of a deadly weapon, and second that the instructions were phrased in such manner as to permit the jury to consider the defendant's hands and fists as deadly weapons.

Although the defendant testified he struck his wife only with his hands, we think the evidence was sufficient to warrant the instruction on use of a deadly weapon, that

is, the telephone. As already noted, the defendant jerked the telephone from the wall when his wife attempted to call the police. Although Mrs. Crumbaugh did not testify positively that she was struck with the telephone, she did say "I am sure he hit me with something." The doctor testified he had never seen similar injuries, especially the broken cheek bone caused by hands and fists alone, and that in his opinion Mrs. Crumbaugh's injuries were caused by "evidently a brass knuckle or some hard object that hit her cheek." The telephone was of the type that could easily be used as a weapon and it was found on the floor close to Mrs. Crumbaugh's body after the attack. Moreover, some of the witnesses testified there were blood stains on the receiver of the telephone. In the light of this testimony it was for the jury to determine whether the telephone was used by the defendant as a weapon.

■ We agree with the defendant that hands and fists alone are not deadly weapons within the meaning of the statute. Lyon v. Commonwealth, 194 Ky. 570, 239 S.W. 1046; McIntosh v. Commonwealth, 275 Ky. 126, 120 S.W.2d 1031. But we do not agree that the court's instruction on the use of a deadly weapon is subject to criticism on this score. By this instruction the jury were told, in effect, that in order to find defendant guilty they must believe he struck the wife "with a telephone and his hands and fists if they were deadly weapons when used in the way and manner employed at that time." In other words, in order to find the defendant guilty under this instruction the jury were required to find that defendant struck his wife with the telephone, as well as with his hands and fists. Since the defendant admitted assaulting his wife with his hands and fists, the only question actually submitted under this instruction was whether he also struck her with the telephone. In another paragraph of the same instruction the court correctly defined a deadly weapon and left to the jury the question whether the telephone was used by the defendant as a weapon, and also whether it was a deadly weapon within the definition given by the court. The usual instruction on assault and battery was also given.

We think the court's instructions covered the law of the case. The cases cited by the defendant are distinguishable. In the McIntosh case, on which the defendant relies, and which most nearly supports his contention, the instructions were held to be erroneous because of the failure of the court to submit to the jury the question whether a chair claimed to have been used by the defendant in assaulting his wife was a deadly weapon. As pointed out above, the instructions in this case are not subject to that criticism.

The judgment is affirmed.