Verdie CHARLES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 20, 1959.

Sanders & Redwine, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Verdie Charles was convicted of maliciously striking and wounding another with a deadly weapon with intent to kill. KRS 435.170(2). His sentence was fixed at two years' confinement.

■ The indictment charged in part that the appellant "with force and arms, unlawfully, willfully, maliciously and feloniously did, strike and wound Kerry Phillips with his fist, which in manner used, considering defendant's size, build in relation to Kerry Phillips' size, was, a deadly weapon, on and upon the head, body, arms, limbs and person of him the said Kerry Phillips with the felonious and malicious intent to kill him, the said Kerry Phillips but from which striking and wounding death, did not ensue, * * * ."

The complaining witness, Kerry Phillips, said that appellant struck him with the fist of his right hand. There was some evidence that the hand contained an object. Edna Lowe, a prosecution witness, corroborated appellant's statement that he struck Phillips with his fist.

■ Appellant urges that the trial court failed to give the law of the case. Instruction No. 1 followed the form of the usual instruction under KRS 435.170(2), and embodied the language of the indictment concerning the use of the fist as a deadly weapon. Instruction No. 2 contained definitions of "feloniously," "maliciously," and a "deadly weapon." The latter was defined as "a weapon or any instrument or thing reasonably calculated to produce death, and if the jury shall believe from the evidence to the exclusion of a reasonable doubt that the hands or fist was such a weapon or instrument as was reasonably calculated to produce death

when used by a man of the defendant's age, height and strength and in the manner in which the same was used by him, if so used at the time and on the occasion as shown in the evidence."

Instructions on assault and battery, their definition, lesser offense, and reasonable doubt were given.

The fist has been held not to constitute a deadly weapon within the meaning of KRS 435.170(2), formerly Section 1166, Carroll's Kentucky Statutes. Thomas v. Commonwealth, 86 S.W. 694, 27 Ky.Law Rep. 794; Lyon v. Commonwealth, 194 Ky. 570, 239 S.W. 1046; McIntosh v. Commonwealth, 275 Ky. 126, 120 S.W.2d 1031; Reed v. Commonwealth, Ky., 248 S.W.2d 911; Crumbaugh v. Commonwealth, Ky., 259 S.W.2d 67. The indictment is insufficient to charge a felony under KRS 435.170(2), but is sufficient to sustain a conviction on the charge of assault and battery. Housman v. Commonwealth, 128 Ky. 818, 110 S.W. 236, 33 Ky.Law Rep. 311; Lyon v. Commonwealth, 194 Ky. 570, 239 S.W. 1046. The court properly instructed on assault and battery. Allison v. Commonwealth, 196 Ky. 140, 244 S.W. 422; Marks v. Commonwealth, 223 Ky. 692, 4 S.W.2d 711; Hall v. Commonwealth, Ky., 276 S.W.2d 441. The giving of Instruction No. 1 and the definition of a "deadly weapon" as contained in Instruction No. 2 are reversible errors.

■ It also is urged that an instruction on self-defense should have been given. Phillips had ridden on a horse to the home of Burnis Ramey, not knowing that appellant was there. Appellant came out in response to a call. Phillips, holding a two-year-old child, remained seated on the horse. After some conversation concerning a horse that had been running loose, appellant testified, Phillips said, "Don't get smart with me, young man" and then raised up "kindly" and stuck his right hand in the right pocket of his overalls. Appellant said Phillips acted as if he were going to pull something out of his pocket

and he (appellant) "figured he had a knife or gun or something." He took Phillips, an older man, by the arm, pulled him off the horse, and struck him. Appellant had been drinking.

 The words spoken by Phillips furnished no justification for an assault and battery. Grau v. Forge, 183 Ky. 521, 209 S.W. 369, 3 A.L.R. 642. The question is whether the conduct of Phillips furnished reasonable ground for appellant to believe, and whether in good faith appellant did believe, that Phillips was then and there about to inflict upon him some great bodily harm and that the action taken by appellant was necessary, or seemed to him in the exercise of a reasonable judgment to be necessary, in order to protect himself from the danger, either real or to him apparent. These elements must be present to justify a self-defense instruction. Roberson's Criminal Law and Procedure, Section 1112, page 1336; Section 1124, page 1350; Stanley's Instructions to Juries, Vol. 3, Section 891, page 196.

Various inferences could have been drawn from the proof by a jury. If the jury reasonably could have inferred that the appellant acted in self-defense as defined above, then he was entitled to such an instruction. The inference may arise from the conduct and demeanor of the parties without a statement from the accused that he so acted. There is very little evidence here to justify such an instruction, and it is doubtful whether the failure so to instruct would have constituted reversible error. On a later trial, the proof may or may not justify giving a self-defense instruction. Ison v. Commonwealth, 190 Ky. 376, 227 S.W. 480; Edgars v. Commonwealth, 195 Ky. 827, 243 S.W. 1023.

In rebuttal, Sidney Phillips, son of Kerry, was permitted to testify that he had cut appellant with a knife taken from him shortly after the difficulty between his father and appellant. In surrebuttal, appellant sought to introduce testimony to show that he had his knife at the hospital and that it had no blood stains on it. The court properly refused to admit this testimony since it related to a later occurrence and shed no light on the first trouble.

Judgment reversed with direction to grant a new trial.