Donald R. RONEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

Sept. 5, 1985.

J. David Niehaus, Office of the Jefferson Dist. Public Defender, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The question is whether an assault with one's fists may be considered an assault with a dangerous instrument so as to constitute assault in the first degree. K.R.S. 508.010.

Appellant was sentenced to imprisonment for 20 years upon his conviction of first-degree assault under an instruction which permitted a finding of guilt if the jury believed that he intended to cause serious physical injury to the victim by

beating her with his fists and feet and also believed that his fists and feet were dangerous instruments.

A jury could reasonably conclude from the evidence that appellant had severely beaten the victim. At the time of trial, she had not regained consciousness.

K.R.S. 508.010 provides that a person is guilty of first-degree assault when he intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.

K.R.S. 500.080(3) defines "dangerous instrument" to mean any instrument, article or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury.

There is no question but that appellant's fists, under the circumstances in which they were used, were readily capable of, and did in fact, cause a serious physical injury. The question is whether his fists constituted an instrument, an article, or a substance within the meaning of K.R.S. 508.010.

We have not been cited any Kentucky case which is dispositive of the issue. Cases, in this state and elsewhere, have held that shoes worn on the feet can be used in such a manner as to render them dangerous instruments. *Jones v. Commonwealth*, Ky., 256 S.W.2d 520 (1953); *Grass v. People*, 172 Colo. 223, 471 P.2d 602 (1970).

A shoe, of course, is something apart from the body, and thus is more susceptible of classification as an instrument or an article than is a fist.

In common usage, hands and feet are not described as substances nor are they regarded as articles. Whether they might be considered as instruments depends upon the sense in which that word is used. In one sense, an instrument is anything by means of which something is accomplished. War, for example, is an instrument of destruction. In another sense, the word instrument refers to a tool or to an implement.

The question is not whether the word instrument can be construed to include a person's fists or feet, but whether the general assembly intended them to be so included. A literal reading of the statute is as readily adaptable to one meaning as the other. The statute is ambiguous to this extent.

There is no real evidence as to the legislative intent. The fact that the statute contains three words, "instrument, article or substance" all of which are commonly used to refer to something other than a part of the human body, may be said to indicate that each of the three words was used to refer to a specific object other than a part of the human body.

The fact that a serious physical injury inflicted by the fists would clearly constitute assault in the second degree might be taken as an indication of a legislative intent that assault in the first degree by means of a dangerous instrument contemplated something more than striking with fists.

In truth, however, it is simply not clear whether the general assembly intended that fists be considered to be a dangerous instrument as that term is used in K.R.S. 508.010. In such cases, we follow the rule of lenity which is to give to the appellant the benefit of the doubt. *Haymon v. Commonwealth*, Ky., 657 S.W.2d 239 (1983).

Accordingly, we hold that the instruction which authorized conviction if the jury believed appellant's fists and feet were dangerous instruments was erroneous.

The judgment is reversed, and the case remanded for further proceedings consistent with this opinion.

AKER, GANT, LEIBSON, STEPHENSON and VANCE, JJ. concur.

WINTERSHEIMER, J., dissents by separate opinion with which STEPHENS, C.J. joins in the dissent.

WINTERSHEIMER, Justice, dissenting.

I respectfully dissent from the majority opinion because I believe the trial court properly instructed on first-degree assault

and the matter is an appropriate jury question.

The precise issue before this Court involves the correctness of the instruction. At trial, the objection to the instruction was based on the argument that the evidence did not support a reasonable inference that a deadly weapon or dangerous instrument was used in the assault.

KRS 500.080(3) defines "dangerous instrument" and notes that it means any instrument which "under the circumstances in which it is used," is readily capable of causing death or serious physical injury. It is my opinion that under certain circumstances, a hand or fist or other human extremity may be considered as a dangerous instrument. The circumstances of the particular crime give the jury legitimate latitude to decide the factual situation.

The term "dangerous instrument" does not necessarily include "deadly weapon" and it is the circumstances in which an instrumentality is used which determines its degree of dangerousness. *See Whorton v. Commonwealth,* Ky., 570 S.W.2d 627 (1978). Therefore, the circumstances in which the instrumentality is used makes the issue a question of fact for the jury to decide.

I believe the legislative intent is clear. The general assembly had already provided the words "deadly weapon" and added the phrase "dangerous instrument" in order to include other items which under particular circumstances could produce death or physical injury.

The trial court properly instructed the jury because it is a jury question as to whether hands and feet are in certain particular circumstances dangerous instruments. The proof of serious physical injury together with the jury finding that Roney inflicted the injury was more than sufficient to support the jury verdict of conviction.

The legislative intent of the Kentucky General Assembly was to prevent death and injury as a result of the use of dangerous instruments and to punish those who resort to such criminal acts. The legislature intended that the circumstances be considered in giving application to its definition of dangerous instrument.

I would affirm the conviction.

STEPHENS, C.J., joins in this dissent.