Marvin W. FRANCIS, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–SC–10–MR.

Supreme Court of Kentucky.

June 9, 1988.

Mark A. Posnansky, Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Valerie L. Salven, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Francis of murder, first-degree robbery and as a persistent felony offender in the second degree. He was sentenced to life in prison without possibility of parole for twenty-five years.

The issues raised on appeal relate only to the penalty phases of the trial. The questions presented are whether the trial court committed reversible error by using KRS 532.055; whether it was reversible error to conduct the PFO hearing before the penalty phase on murder; whether it was reversible error to allow the jury to hear testimony about two prior Kentucky convictions; whether the penalty phase murder instructions were proper and whether KRS 532.-055 should be applied to an offense committed prior to its effective date.

The conviction of Francis stems from a killing which occurred during the robbery of a grocery storekeeper as he returned

home with the cash receipts. One of the accomplices of Francis pled guilty to robbery and testified for the prosecution; another alleged accomplice was tried jointly with Francis but was acquitted on all charges. After the jury found Francis guilty of murder and first-degree robbery, the trial judge held a combined hearing on the PFO charge and the penalty to be recommended for the robbery charge. Specific objections to holding the hearing prior to the penalty phase on the murder charge were overruled.

Francis argues that by holding the robbery sentencing hearing/PFO hearing before the sentencing phase on the capital murder conviction, the prosecution was able to present to the jury certain factors which are not to be considered in capital cases before the capital phase begins. He contends that the only fair way to implement both the capital sentencing statute and the truth-in-sentencing law is to prohibit use of the latter at any stage of a capital case. In the alternative, he maintains that the capital penalty phase be conducted before the truth-in-sentencing statute is invoked so as to exclude prohibited testimony from the jury during its capital phase deliberations.

The jury convicted Francis of murder and first-degree robbery following the first phase of the trial. The trial judge then held a combined truth-in-sentencing hearing pursuant to KRS 532.055 and a persistent felony offender hearing pursuant to KRS 532.080 in a second phase. During this second phase the jury considered the penalty for first-degree robbery only. They returned a sentence of twenty years, enhanced to fifty years, for a persistent felony offender in the second degree on the robbery. The jury also recommended that this sentence run consecutive to any other sentence received by Francis. During the third phase of the trial, the sentencing on the murder conviction pursuant to KRS 532.025, neither the defense nor the prosecution presented any additional evidence. The trial judge then gave instructions and closing arguments followed. The jury determined that the murder was committed in the course of a first-degree robbery, that

an aggravating circumstance existed and recommended that the punishment for murder be fixed at life imprisonment without possibility of parole for twenty-five years.

KRS 532.025 provides that, upon conviction of a defendant in cases where the death penalty may be imposed, a hearing shall be conducted. It does not state whether such a hearing must be held before or after the PFO or other hearings. Francis argues that the prosecution is limited in what can be introduced at a capital sentence proceeding, and this prohibits the use of the truth-in-sentencing statute with respect to an earlier hearing on a noncapital offense. Nothing was introduced during the sentencing phase for the robbery that could not have been constitutionally introduced in a death penalty case regardless of truth in sentencing. The jury is entitled to consider the record together with all the other evidence before it in making a sentencing determination. *See Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).

This Court has recognized that a prior criminal record is precisely the type of information that the jury should have in making its determination as to sentence. *Skaggs v. Commonwealth,* Ky., 694 S.W.2d 672 (1985). KRS 532.025(1) expressly provides for consideration of the record of any prior convictions.

*Commonwealth v. Reneer,* Ky., 734 S.W.2d 794 (1987), recognized that a serious problem is that a jury is required to sentence in a vacuum without any knowledge of the past criminal record or other pertinent matters necessary for the assessment of an appropriate penalty. This Court indicated that any injustices alleged to be caused by KRS 532.055 would be considered when presented by a proper case. This case does not present such a situation. During the guilt phase, Francis admitted that he robbed and shot the victim, and that he had been previously convicted as a felon. Even with this knowledge, the jury did not impose the death sentence.

The only convictions discussed at trial, in addition to those indicated in the PFO indictment, resulted from a felony judgment

entered January 24, 1986 and a misdemeanor forgery judgment entered October 21, 1983. During the persistent felony offender portion of the robbery sentencing phase, a Tennessee judgment entered April 5, 1985 was introduced. During the guilt phase of the trial, testimony was admitted which indicated at the time of the robbery and murder, Francis had an interest in obtaining money to make restitution on another pending criminal charge. Francis argues that such evidence was improperly admitted at any point prior to the capital sentencing phase because he did not have notice of it. We believe such a contention is without merit because KRS 532.025 states that only such evidence in aggravation as the state has made known to the defendant prior to the trial shall be admissible. Written notice is not required, and it is clear that Francis was well aware of this evidence and prepared to meet it. *Cf. Smith v. Commonwealth,* Ky., 599 S.W.2d 900, 908 (1980). In regard to the misdemeanor conviction, there is no indication that the defense was surprised by its introduction.

■ During the sentencing phase on the robbery, the jury was given information on parole. Even in a death penalty case, it is not improper to give the jury accurate information with which both the defendant and the counsel are aware. *California v. Ramos,* 463 U.S. 992, 103 S.Ct. 3446, 77 L.Ed.2d 1171 (1983). Here the issue of parole was already injected into the sentencing process. This information corrected an otherwise misleading description of a sentencing choice available to the jury.

■ In this case a sentence of death was not imposed. Therefore there was no prejudice and consequently no reversible error. Nonprejudicial errors committed during the sentencing phase are subject to a harmless error analysis. *Cf. Barclay v. Florida,* 463 U.S. 939, 103 S.Ct. 3418, 77 L.Ed.2d 1134 (1983). Here any possible error was nonprejudicial.

■ In the future, in any case in which the death penalty is sought, the capital penalty sentencing phase pursuant to KRS 532.025 should be conducted before the truth-in-sentencing hearing under KRS 532.055(2) and the PFO proceeding per KRS 532.080 are held.

■ Here, it was not reversible error for the trial judge to hold a PFO hearing prior to the sentencing phase of capital murder. Francis introduced evidence concerning his own record in the guilt phase. The procedure used by the circuit court did not amount to reversible error and the sentence is affirmed.

The penalty phase murder instructions were proper and the arguments of the defendant were not properly preserved for appellate review. *Commonwealth v. Reneer, supra,* is dispositive of the argument relating to truth-in-sentencing.

The judgment of the circuit court is affirmed.

STEPHENS, C.J., and GANT and STEPHENSON, JJ., concur.

VANCE, J., concurs in result only.

LEIBSON, J., dissents by separate opinion, in which LAMBERT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Court has gone to extreme length to uphold a penalty phase procedure which is in conflict with the plain language of the statute. The rule of longstanding, identified as the rule of lenity, is that penal statutes are not to be extended by construction, but instead limited to cases clearly within the language used. *Commonwealth v. Malone,* 141 Ky. 441, 132 S.W. 1033 (1911); *see,* more recently, *Roney v. Com.,* Ky., 695 S.W.2d 863 (1985). Now we have regressed to the opposite view. So much for enlightenment.

After the jury found the appellant guilty of murder and first-degree robbery, the trial court held a combined hearing on the PFO charge and the penalty to be recommended for the robbery charge. Defense counsel's specific objections to holding the hearing prior to the penalty phase on the murder charge were overruled.

KRS 532.055, the Truth-In-Sentencing statute, by its expressed terms, applies to all felony sentencing hearings *except* for those "provided for in KRS 532.025." KRS 532.055(3). Appellant's sentencing hearing on the murder charge was supposed to be a statutory hearing conducted pursuant to KRS 532.025.

The conclusion that no prejudice results because the death penalty was not imposed is simply specious. Under KRS 532.030(1) and (4), a person cannot be sentenced to life without benefit of parole for a minimum of twenty-five years except in a hearing pursuant to KRS 532.025. Under KRS 532.025(3) a person cannot be sentenced to either death or to life without benefit of parole for a minimum of twenty-five years except by the procedure specified in KRS 532.025, and except upon a finding of "at least one (1) of the statutory aggravating circumstances enumerated."

In sum, the defendant has been sentenced under the procedure applicable to a "capital offense," but in direct conflict with the statutes that apply to such procedure. The statement in the Majority Opinion that nothing was introduced that "could not have been constitutionally introduced in a death penalty case regardless of truth in sentencing," simply begs the question. The defect is not constitutional, but statutory. The fact that the evidence which the jury had no right to consider came in during the penalty phase for robbery and PFO, which was conducted before the capital phase, rather than in the capital phase, is a meaningless technicality. The appellant's complaint is that the jury had this improper evidence before it when it considered and decided upon an appropriate punishment for the murder conviction under KRS 532.025. This complaint is fully justified, and remains unanswered.

By holding the robbery sentencing hearing/PFO hearing before the sentencing phase on the capital murder conviction, the Commonwealth was able to expose the jury to factors which are not to be considered in capital cases. The only fair way to implement both the capital sentencing statute and the truth-in-sentencing statute is to prohibit use of the latter in any stage of a capital case. Alternatively, at the least, the capital penalty phase should be conducted before the truth-in-sentencing statute is invoked so as to exclude prohibited testimony from the jury during its capital phase deliberations. The Majority Opinion seemingly concludes that, at the least, the statutes mandate this alternative. It states:

> "In the future, in any case in which the death penalty is sought, the capital penalty sentencing phase pursuant to KRS 532.025 should be conducted before the truth-in-sentencing hearing under KRS 532.055(2) and the PFO proceeding per KRS 532.080 are held."

Nevertheless, the Majority Opinion inconsistently denies this appellant the benefit of what it declares to be the correct procedure.

The Majority Opinion states, erroneously, that nothing was presented to the jury which could not have been introduced during the capital sentencing phase. However, there was testimony presented concerning the *nature* of appellant's prior felonies (burglary and theft) and misdemeanors (forgeries) and information on parole eligibility, none of which fits into the KRS 532.025 requirements for capital cases. This appellant is entitled at a minimum to be sentenced in conformity with statutory procedures, and our Court should see to it that he gets that to which he is entitled by law.

LAMBERT, J., joins in this dissent.