Keith Allen ALLGEIER, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–SC–1026–MR.

Supreme Court of Kentucky.

Feb. 22, 1996.

Franklin P. Jewell, Louisville, for appellant.

A.B. Chandler, III, Attorney General and Ian G. Sonego, Assistant Attorney General, Frankfort, for appellee.

STEPHENS, Chief Justice.

Appellant, Keith Allen Allgeier, was convicted of complicity to commit murder and received a sentence of life without parole for twenty-five years. He appealed to this Court as a matter of right.

Allgeier hired a friend, Eric Maxie, to kill appellant's ex-wife, Shirley Allgeier. Shirley Allgeier was found murdered in her house November 6, 1992, with deep knife wounds to her throat and chest area. Maxie and two other individuals negotiated plea bargains prior to appellant's trial. Evidence at trial indicated that animosity existed between appellant and his ex-wife. They had frequently argued concerning the late child support payments and Shirley Allgeier's custody of their young daughter. Appellant maintained a $50,000 life insurance policy on his ex-wife after the divorce, even though an insurance agent advised him that it would be cheaper to drop the policy. Appellant paid back premiums on the spousal rider to bring it up to date on November 6, 1992.

The plan to kill the victim was set forth by testimony from Eric Maxie and several other persons who knew of this conspiracy. Maxie was to receive $6,000, partially financed from appellant's life insurance proceeds. Maxie received between $2,500 and $3,000 from appellant.

Appellant alleges several errors were committed by the trial court. First, the trial court erred by allowing evidence of parole eligibility in this capital case, contrary to the requirements of KRS 532.055. Secondly, the trial court allowed, over defense objection, improper opinion evidence from one of the investigating police officers. Finally, the trial court improperly allowed hearsay evidence concerning the victim's phone message to her attorney.

Appellant asserts that KRS 532.055(3) forbids use of the "truth-in-sentencing" statute for all capital offenses under KRS 532.025. KRS 532.055 allows the jury to hear evidence of minimum parole eligibility, prior convic-

tions of the defendant and of mitigation. KRS 532.025, concerning sentencing for aggravated murder, generally provides for admission of the same evidence, but excludes any truth-in-sentencing or parole eligibility evidence.

■ KRS 532.055(3) reads, "All hearings held pursuant to this section [truth in sentencing] shall be combined with any hearing provided for by KRS 532.080 [persistent felony offender statute]. This section shall not apply to sentencing hearings provided for in KRS 532.025 [sentencing phase for capital murder trials]." Appellant's interpretation of the language "this statute" is that the entire truth-in-sentencing statute, KRS 532.055, may not be applied in the sentencing phase of a capital murder case. Since appellant's conviction for complicity to murder for hire falls under KRS 532.025, he contends the admission of evidence concerning parole eligibility constituted reversible error.

While we agree with appellant's interpretation of KRS 532.055(3), we do not find error in this particular case. In the recent *Perdue v. Commonwealth*, Ky., 916 S.W.2d 148, (1995), the petition for rehearing is currently pending, this Court reversed a death sentence, in part because the prosecution presented evidence of parole eligibility. However, in appellant's case, the evidence of parole eligibility was introduced by way of a stipulated agreement between the prosecution and the defense. Under these circumstances, appellant has waived his right to claim error. He asked for the introduction of the parole eligibility evidence and cannot now complain. *See, Campbell v. Commonwealth*, Ky., 788 S.W.2d 260 (1990). Moreover, appellant did not receive a death sentence, and, as such, any error was non-prejudicial. *Francis v. Commonwealth*, Ky., 752 S.W.2d 309 (1988).

■ The second error alleged by appellant concerns improper opinion evidence. At trial, two policemen testified as to evidence found at the victim's home. Officer Billy McGuire testified, without objection, that in his opinion a slight pry or gouge mark found on the back door of the house was not of sufficient force to indicate that the door had been pried open. Major Mike Owsley next

testified that the police officers did not find evidence of actual forced entry into the house. Major Owsley testified that he also believed the gouge mark on the door did not indicate force sufficient to force the door open. Appellant objected to Major Owsley's testimony on the ground that Major Owsley was not an expert. The trial court overruled this objection and allowed the testimony.

The trial court correctly overruled appellant's objection to the second officer's testimony. Major Owsley is a supervisor and has been a police officer for over twenty years. These policemen were skilled in the investigation of burglaries and robberies by their training and experience; as such, the trial court did not abuse its discretion in allowing Major Owsley to present his opinion as a trained police officer for the benefit of the jury. *Sargent v. Commonwealth,* Ky., 813 S.W.2d 801, 802 (1991). This type of testimony can be distinguished from the more extensive and complex knowledge required for testimony by traditional experts, such as accident reconstructionists and forensic pathologists.

Furthermore, even if allowing Major Owsley's opinion testimony was erroneous, it must be ruled harmless error. Appellant did not object to Officer McGuire's testimony when the officer gave a similar opinion regarding the pry mark. As there was no objection to McGuire's testimony, any allegation of error is unpreserved and not subject to review. RCr 9.22. When Major Owsley subsequently testified concerning his opinion, it essentially duplicated Officer McGuire's previous testimony. The jury had already heard the prior opinion without objection. At most, Major Owsley's testimony constituted nothing more than harmless error. RCr 9.24.

The final argument by appellant asserts that the trial court improperly allowed hearsay evidence of the victim's phone message to her attorney. The phone message related that the victim said appellant had been harassing her about their daughter and visitation. The victim also said she feared for her daughter's safety and that she might go by appellant's residence. We do not address the issue of whether this testimony falls within the hearsay exception for a business record. KRE 803(6). The introduction of the telephone conversation constitutes nothing more than harmless error. There was ample evidence in the record which reflected that appellant had been harassing the victim and that the victim feared for her daughter's safety. As the telephone record provided cumulative evidence, any error was harmless. RCr 9.24.

For the aforementioned reasons, appellant's conviction is affirmed.

STEPHENS, C.J., and GRAVES, LAMBERT, KING, STUMBO and WINTERSHEIMER, JJ., sitting.

All concur.